In the Matter of the Estate of NORMA H. BARRETT, Deceased.

Surrogate's Court, New York County, January 19, 1925.

**Executors and administrators — additional commissions — claim for commissions at increased rates under Surrogate's Court Act, § 285 (as amd. by Laws of 1923, chap. 649), for paying out and receiving fund for which prior decree fixed commissions for receiving fund at rates permitted by Surrogate's Court Act, § 285, as it existed prior to amendment of 1923 — former account is final and conclusive — executor not entitled to additional commissions.**

An executor is not entitled to additional commissions for receiving and paying out the principal of a trust fund predicated upon the rates permitted by section

Surrogate's Court, New York County, January, 1925. [Vol. 124

285 of the Surrogate's Court Act (as amd. by Laws of 1923, chap. 649), where a prior decree already has fixed commissions for receiving said fund at the rates allowed by section 285 of the Surrogate's Court Act as it existed previous to the amendment of 1923, since said decree is final and conclusive as to the amount involved.

The former accounting was not an intermediate account, but a final account, and as such was conclusive, although the account in point of time in the administration of the estate may have been intermediate.

PROCEEDING for an accounting.

*Geller, Rolston & Blanc* [*C. Alexander Capron* and *Howell D. Boyd* of counsel], for the executor.

*Emmet, Marvin & Roosevelt,* for the Bank of New York and Trust Company, as trustees.

FOLEY, S.:

On this accounting the question involved is whether commissions may be allowed to an executor at the increased rates fixed by section 285 of the Surrogate's Court Act (as amended), for receiving and paying out moneys, notwithstanding a prior decree has already fixed commissions for *receiving* the principal of the fund at the former lower rates.

On September 5, 1917, the Farmers' Loan and Trust Company filed its account as executor of the estate of the testatrix, with a petition for the judicial settlement thereof. The decree entered in that proceeding on April 8, 1918, contained the following recital: "It is ordered, adjudged and decreed that said account be and the same hereby is judicially settled and allowed as filed and adjusted." The decree also provided: "It is further ordered, adjudged and decreed that out of the balance of principal remaining in the hands of accountant, it retain the sum of one thousand one hundred fifty-six and 21/100 ($1,156.21) dollars, being the commissions to which it is entitled on this accounting for receiving the sum of $166,753.74 and for paying out the sum of $26,489.00, * * *."

The second and present accounting was filed by the executor on June 10, 1924. Section 285 of the Surrogate's Court Act, which fixes the rates of commissions, was amended by chapter 649 of the Laws of 1923. The Legislature by that amendment practically doubled the amount of commissions payable to executors. It thereby imposed a charge upon the beneficiaries, where the estate was under $100,000, of an approximate deduction of two per cent for commissions. In larger estates the amount of commissions to the executors, where there are three executors, would be at least six per cent, and might be greater where the executors were required by the will to manage real property and collect the rents thereof. The accounting trust company, here, claims that

MATTER OF BARRETT. **701**

Misc. 629]    Surrogate's Court, New York County, January, 1925.

notwithstanding the decree of 1918 awarding it commissions for receiving the principal of the fund at the former and lower rates, it is now entitled, as executor, to commissions at the higher rates, not only for *paying out*, but also for *receiving* the fund for which the decree previously made has already fixed its commissions. The question raised is an important one, affecting as it does hundreds of estates in the Surrogate's Court of New York county.

The executor cites the familiar rule that commissions are to be fixed by the rules of law which prevail at the time they are awarded. I am in accord with the theory of the accountant that, if it had not accounted before, or had not asked for commissions on the former accounting, and none had been awarded in the decree, commissions could now be fixed at the new rate. (*Matter of Barker*, 230 N. Y. 364, 372; *Robertson* v. *de Brulatour*, 188 id. 301; *Whitehead* v. *Draper*, 132 App. Div. 799; *Matter of Bearns*, 188 id. 215; *Matter of King*, 121 Misc. 530.) It appears from the decree entered on April 8, 1918, that commissions were requested by and allowed to the executor. The total principal estate accounted for was $166,753.54. The disbursements made by the executor were $26,489.

The accounting executor further claims that the former account, although judicially settled, was final only as to the $26,489 received and disbursed, and that as to the rest of the estate it was merely intermediate. In other words, that the decree entered therein is *res adjudicata* only as to the commissions allowed on the sum of $26,489, and is not *res adjudicata* on the amount of commissions allowed for receiving the balance of the estate. It claims to be entitled presently to a one-half commission at the new rates on the total estate received, less the sum allowed as commissions in the former decree. With this contention I do not agree.

By the amendment of 1923 to section 285 of the Surrogate's Court Act the Legislature liberally increased the commissions payable to executors, trustees and other representatives. The courts also have liberally construed the amendment to this section by allowing commissions at the increased rates in effect at the time of the entry of the decree, to be computed upon the basis of amounts received and paid out by a representative whether before or after the enactment of the amendment. That policy of liberality has its limits. It cannot be extended so as to permit an executor or trustee to reopen all previous decrees during the pendency of the administration of an estate, and to assess against the beneficiaries in addition to the commissions previously awarded the excess resulting from the increased statutory allowances. The relief sought here should receive no encouragement from the court unless

express statutory authority or conclusive precedent compels it. In my opinion neither of the latter exists. The possibility of executors discovering additional · assets or new debts as a basis for a subsequent accounting and decree would supply a simple method of securing a readjustment of all their commissions at a higher rate.

Certainly, if one of the beneficiaries attempted to reopen a decree judicially settling the account of this or any other executor similarly situated, in an attempt to surcharge the representative for a loss on investments or for any breach of trust, the conclusiveness of the prior decree in its, entirety would be strenuously advocated. In a decree judicially settling an account, the rights and liabilities of the beneficiaries and representatives should be reciprocal and equal.

The former accounting was not an intermediate account, but a final account. In the course of administration of an estate there may be more than one accounting, each of which, under the statute and authorities, is final as to the matters embraced therein. " Final," when used in this connection, does not mean the last account. " Final," as characterizing such proceedings, means conclusive, although the account in point of time in the administration of the estate may be intermediate. While section 285 of the Surrogate's Court Act does not specifically authorize the division of the commissions so as to permit the allowance of half commissions for receiving, and half commissions for paying out, the courts have interpreted the section to authorize such a division. This construction has been of advantage to executors, because it permits them to be promptly paid half commissions for receiving, by a proper decree, where the estate might be delayed in the course of administration. In the case of a trust, particularly, the benefits accruing to a trustee are emphasized. A trustee becomes entitled to his half commissions for receiving the principal at the time of his first accounting, although the actual administration of the trust may cover a long period of years. If the statute were strictly enforced it would be impossible for trustees to receive commissions on principal until the final distribution at the termination of the trust. It surely cannot be argued that in a trust established in 1890, where half commissions were allowed in a decree years ago, the surrogate has power to permit an increase of these same commissions under a statute amended thirty or forty years after the establishment of the trust. Nor can it be inferred from such practice that the allowance of half commissions is simply a payment on account, which would permit the surrogate to award commissions at the increased statutory rate when the estate has

MATTER OF HUTKOFF. **703**

Misc. 703]    Surrogate's Court, New York County, February, 1925.

been finally distributed. The award of half commissions by a decree for receiving is necessarily a judicial determination binding upon all the parties to the account.

Section 80 of the Surrogate's Court Act provides: " Every decree of a surrogate's court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained." The note of the Revisers of the Surrogate's Court Practice in 1914 emphasized this language by stating that " the decree ought to be a final determination as to all matters embraced in it." (See N. Y. Senate Doc. 1914, vol. 11, No. 23, p. 71.)

The prior decree here specifically recited the award of commissions, and is conclusive on the amount thereof. (*Joseph* v. *Herzig*, 198 N. Y. 456; *Slater* v. *Slater*, 175 id. 143; *Matter of Schley*, 202 App. Div. 169; *Matter of Nickel*, 125 Misc. 493.)

I hold, therefore, that the executor is estopped from challenging the decree already entered as to the commissions awarded at its request and accepted by it. The additional commissions based on the amount received must be denied. Let the decree provide accordingly.