In the Matter of the Estate of EDWARD F. ROSENTHAL, Deceased.

Surrogate's Court, New York County, September 15, 1931.

*Nathan Schwartz,* for the petitioner.

*Black, Varian & Simon* [*Alfred M. Varian* of counsel], for the respondents.

FOLEY, S. The application for reargument is denied. It was held in my original decision herein (*Matter of Rosenthal*, N. Y. L. J. June 27, 1931) that no legal ground had been established to justify the reopening or modification of the decree judicially settling the account. Subdivision 6 of section 20 of the Surrogate's Court Act, under which the application was made, confers power upon the surrogate to open, vacate or modify a decree for fraud, newly-discovered evidence, clerical error or other sufficient cause. He is limited in the exercise of such power to that of a court of general jurisdiction in a similar case. The section " vests him with jurisdiction to modify or vacate only in respect to the things specified in that statute and other causes of a like nature." (O'BRIEN, J., in *Matter of Brennan*, 251 N. Y. 39, 43; see, also, *Matter of Starbuck*, 248 id. 555.)

The petitioner, the coexecutrix here, was one of the accounting parties in the accounting proceeding terminated by the decree sought to be modified. She signed the schedules of the account and verified them by the usual affidavit. She might have raised her present contentions then. Instead, she acquiesced in the account as filed and in the decree made. The decree of the surrogate on an accounting is conclusive. (Surr. Ct. Act, §§ 80, 274; *Joseph* v. *Herzig*, 198 N. Y. 456; *Slater* v. *Slater*, 175 id. 143; *Matter of Schley*, 202 App. Div. 169; *Matter of Nickel*, 125 Misc. 493; *Matter of Barrett*, 124 id. 699.) The purpose of the law is to assure finality. Unless the error complained of is one of jurisdiction, or clerical error, or is based upon fraud or some other ground fixed by the section or the pertinent decisions construing it, the remedy is by an appeal from the decree. (*Matter of Putnam*, 220 App. Div. 34.) All of the contentions now raised by the widow involve controversial questions of law or fact. Fraud or clerical error is not involved. She failed to avail herself of her remedy by appeal and is not entitled, therefore, to any modification of the provisions of the decree by application to the surrogate.

While this conclusion renders unnecessary any extended discussion of the points raised by the coexecutrix, the absence of any foundation for these claims, either in fact or in law, should be stressed. For example, full commissions were correctly awarded to the two executors. The widow here received and benefited by the award of commissions in the decree as executrix. The will clearly contemplated separate duties in the executors and in the trustees. The testator appointed his widow and the trust company as executors, and then separately named as trustees a new group — his brother and the trust company. Where the persons named as executors are not the same as those named as trustees

" the circumstance is strong evidence that the testator contemplated the severance of the duties of the offices." (*Matter of Abrahams*, 136 Misc. 538, 544.) The rule against reopening the decree as to commissions is a salutary one. It applies equally and impartially to both the executor and the beneficiary. In *Matter of Barrett* (124 Misc. 699) I held that the executor — a trust company — could not reopen the decree to secure increased commissions. The beneficiaries are likewise bound by it.

With respect to the exempt property now claimed by the widow under section 200 of the Surrogate's Court Act, her counsel is in error as to the law. She made no claim on the accounting to either the cash exemption or to any other statutory allowance. She is estopped by her own conduct from asserting her claim to these exemptions now. (*Cowenhoven* v. *Ball*, 118 N. Y. 231, 234.) Moreover, the will gave a greater share of the estate to the widow in lieu of these statutory allowances. It specifically provided that these benefits for her were in lieu of " all dower, claims, rights and interests " in the estate. She accepted the testamentary benefits. The cash exemption or any other allowance is, therefore, not payable to her. (*Matter of Young* v. *Hicks*, 92 N. Y. 235, 239; *Matter of Mersereau*, 38 Misc. 208.) The payment or adjustment made by the Porto Rican-American Tobacco Company (the former employer of the decedent) was properly treated in the account as principal. It could not be construed under any circumstance as income payable to the widow as life tenant. Her remaining claims are likewise without substance or foundation in fact or law.

The application is denied, with costs. Submit order on notice accordingly.