In the Matter of the Estate of SOPHIA SCHEEL, Deceased.

Surrogate's Court, Wayne County, January 19, 1942.

*Wilford T. Purchase*, executor, in person.

*Louis F. Haney*, for Dr. Frederick C. Donnelly and Towlerton-Simpson, Inc.

*Wright & Livingston*, for Arthur G. Schulz.

BRASSER, S. The executor of the will of Sophia Scheel has obtained an order, on his petition, requiring Arthur G. Schulz, Towlerton-Simpson, Inc., and Frederick C. Donnelly, creditors, to show cause why the decree judicially settling his account, made and filed on December 30, 1941, should not be amended in two particulars.

The first proposed amendment seeks to require Arthur Schulz to pay over to and reimburse the executor in the sum of $200, with which amount the executor is surcharged by reason of an excess payment to Schulz, an undertaker, for the funeral service of decedent.

The second proposed amendment would modify the decree to provide for the payment by the executor to Dr. James L. Davis of the sum of $14.20, including accrued interest, pursuant to a claim duly rendered.

Further consideration of the second proposed amendment is obviated by the allowance thereof, on stipulation of all interested parties in open court, on the return date of the show cause order.

The first proposed amendment, however, presents a more serious problem. At no time while the proceeding for the settlement of the executor's account was pending, and prior to the filing of the decree and the decision accompanying it, was the question of a reimbursement of the executor by the creditor Schulz, in the amount for which the executor was surcharged, raised. It is now presented to the surrogate for determination after a decree, conclusive as to all matters embraced in the account, has been made and filed. (Surr. Ct. Act, §§ 80, 274.)

The surrogate's jurisdiction to open, vacate, modify, or set aside a decree of his court is limited by statute as follows:

" A surrogate, in or out of court, as the case requires, has power: * * *

" 6. To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to modify or resettle a decree or order of his court to conform its provisions to the decision in writing of the surrogate; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers." (Surr. Ct. Act, § 20, subd. 6; *Matter of Rosenthal*, 141 Misc. 404.)

The surrogate not having considered the question of reimbursement in his decision in writing, the decree cannot under the statute be modified pursuant to such decision in order to incorporate the proposed amendment.

No question of fraud is involved in this determination, and since the matter of reimbursement was never before the court, no clerical error or mistake was made in drafting the decree in this particular.

In *Matter of Peck* (131 App. Div. 81) the court said that the moving papers on a motion to modify a surrogate's decree must point out the grounds of the motion. I do not find that there is a sufficient showing of " newly discovered evidence, * * * or other sufficient cause," as the terms are judicially understood, to warrant an exercise of the power to modify or amend, as is contemplated by the statute.

" An essential characteristic of the additional evidence which is tendered as a basis for the application for a new trial is that it must have been unknown at the time of the former trial, and unobtainable by the exercise of reasonable diligence." (Butler on N. Y. Surr. Law and Prac. § 831; *Matter of Brennan*, 251 N. Y. 39; *Matter of Smith*, 170 Misc. 572.)

It cannot be said that the facts upon which the executor seeks reimbursement were unknown to him or could not, with " reasonable diligence," have been ascertained. Assuming, but not finding, that the facts were before the surrogate, his failure to direct reimbursement in the decree would constitute a judicial error, the remedy for which is by appeal. Otherwise he would review his own decision. " The only appropriate method of review is by appeal." (*Matter of Walrath*, 37 Misc. 696.)

The surrogate has no power to open or modify his decree for errors of substance; such errors should be corrected by appeal and not by motion. (*Matter of Starbuck*, 221 App. Div. 702; affd., 248 N. Y. 555; Butler on N. Y. Surr. Law and Prac. § 834.)

It is well recognized that the words " or other sufficient cause " mean " cause " *ejusdem generis* or " of the same kind." (19 C. J. 1255.)

Objections to the decree must fall in the same general category as prescribed by the provisions of the section to be availing. No such objections are raised in the executor's petition.

I find that the error or omission, if any, was clearly one of law, and cannot be corrected by the surrogate.

The right of the surrogate to direct repayment by Schulz of any estate assets, pursuant to sections 40 and 267 of the Surrogate's Court Act, is, therefore, not before me for consideration.

The petition and order to show cause are dismissed.

Submit order dismissing petition and order to show cause.