In the Matter of the Estate of JANE C. BELKNAP, Deceased.

Surrogate's Court, New York County, June 19, 1944.

*George H. Hooker* for Marine Midland Trust Company of Binghamton, petitioner.

FOLEY, S. This is an accounting proceeding of the transactions of the continuing corporate trustee and of the deceased trustee. It involves the determination of the amount of the commissions which may be awarded in a charitable trust in perpetuity to the corporate trustee and to the estate of the deceased trustee under the provisions of new section 285-a of the Surrogate's Court Act.

The specific questions presented are as follows:

(1) Under subdivision 4 of the new section there is authorized (a) the method for the award of certain commissions during a prior trust for the life or lives of individuals and (b) a different method after the termination of the life estates during the period of the continuance of the trust and for the benefit of a charity in perpetuity. The new section contains no express provision for the award of commissions to a trustee in an exclusive trust in perpetuity. Where there is no prior interest created for an individual, is the existence of such a prior interest a condition precedent and may commissions in any form whatsoever be awarded to a trustee of a trust in perpetuity?

(2) If commissions may be awarded in a trust exclusively in perpetuity, are annual principal commissions authorized under subdivision 1B? Or are income commissions to be allowed at the rate fixed in subdivision 4, that is, 5% of the income collected by the trustee, and principal commissions prohibited?

(3) Does the amendment made to section 285-a by chapter 138 of the Laws of 1944, authorize the payment of receiving commissions (at the rates fixed by former section 285) to a trustee of a trust in perpetuity?

The material portion of the will under which the trust was created reads: " I bequeath to my mother's church at East Windsor, New York an income of $1000 per year." The designated beneficiary was the Methodist Episcopal Church of that village.

The executors sought a construction of the will some years ago. (*Matter of Belknap*, N. Y. L. J., June 20, 1935, p. 3186, col. 2.) The decree of construction was made on June 18, 1935. By its terms the executors were directed to pay to the trustees a sum not exceeding $19,500 in order to purchase securities. That amount was apparently then deemed to be sufficient to produce an income in the annual amount specified by the testatrix. The trust fund was set up pursuant to that decree. The

passage of time has demonstrated that the principal was insufficient. However, no question is raised by the corporate religious beneficiary as to the annual deficits in income.

The important question is the amount of commissions which is allowable to the corporate trustee. The remaining question as to the award of compensation to the estate of the deceased trustee is hereinafter determined.

Counsel for the corporate trustee have apparently found difficulty in interpreting the provisions of new section 285-a of the Surrogate's Court Act in respect of the commissions which may be withdrawn or awarded upon a charitable trust in perpetuity. Their predicament is excusable because of the jumbled and confused terms of the new section. It became effective on September 1, 1943. The history of the enactment of this section was set forth by me in *Matter of Hurlbut* (180 Misc. 681) and in *Matter of Reckford* (181 Misc. 211). It was therein pointed out that the section had been recommended for passage by the Trust Companies Association of the State of New York. The terms of the section are, in many respects, obscure and contain numerous inconsistencies. The scheme for computation has been characterized as revolutionary as compared with the simple and uniform method of computing commissions upon all forms of trusts under the statute relating to trustee's commissions as it existed immediately prior to September 1, 1943. Many of these perplexities were not anticipated by those who drafted and recommended the legislation. Only actual cases have revealed the difficulties of interpretation to trustees, their attorneys and the courts.

The first question presented here is whether, under subdivision 4 of section 285-a, there is any authority whatsoever for the allowance of any commissions. That subdivision reads: "A trustee of a testamentary trust in perpetuity shall be entitled after the termination of the preceding life interests therein, if any, to commissions from income at the rate of 5% of the income collected and to no commission from principal. For and during the period of such preceding life interests he shall be entitled to and may retain the annual commissions on income and principal as herein provided." The trust here involved is a true trust in perpetuity for a charitable purpose. No preceding life interest was created for the benefit of any life tenant.

There is ambiguity in the subdivision because of the provision for the method of computing commissions during the period of a prior life estate and the different method created for the com-

putation of commissions in the duration of an exclusively charitable trust.

Indeed, counsel for the corporate trustee here argue that the legislative intent was that where no precedent life estate was created and the trust was exclusively limited to a charitable purpose in perpetuity, the trustee is entitled to no commissions whatsoever under subdivision 4. They contend that in such a situation, annual principal commissions were allowable under subdivision 1B of the section. These contentions are overruled. True, the terms of subdivision 4 are complicated by the different method for computing commissions during the period of an antecedent life interest as compared with the method of computation for the subsequent continuation of the trust for a charity. In that respect the subdivision is hermaphrodite in form. The Surrogate, however, believes that the intent of the Legislature may be effectuated. Under my construction, the terms of subdivision 4 apply to any form of a trust in perpetuity. The existence of a prior life estate is not a condition precedent to the award of commissions in an exclusively charitable trust. Moreover, the terms of subdivision 4 only apply to trusts in perpetuity. All other provisions of section 285-a have no application to them. Under subdivision 4, as I construe its terms, commissions are only allowable at the rates fixed in that subdivision, that is, income commissions at the rate of 5% upon the annual income of the trust which will have been collected after September 1, 1943. By the express words of the subdivision the trustee is entitled " to no commission from principal."

Counsel for the corporate trustee argue further that it is entitled to be allowed receiving commissions under former section 285, by the terms of the amendment made by chapter 138 of the Laws of 1944 to subdivision 2 of section 285-a.* That contention is overruled. The amendment was recommended by the Executive Committee of the Surrogates' Association of the State of New York. The purpose of that Committee and the intent of the Legislature are revealed in the explanatory note which was printed in the legislative measure. The amendment

---

* Subdivision 2 of section 285-a of the Surrogate's Court Act (eff. March 13, 1944) provides in part that: " A trustee who has not been awarded commissions for. receiving the principal by a decree made prior to September first, nineteen hundred forty-three, may be awarded the commissions to which he would have been entitled for receiving the principal under section two hundred and eighty-five of this act in its form in effect·immediately prior to September first, nineteen hundred forty-three. A decree awarding such commissions must be made not later than March thirty-first, nineteen hundred forty-six."— [Rep.

was intended to correct the injustice of the situation so that a trustee, who had not been awarded receiving commissions prior to September 1, 1943, could be allowed them in an accounting proceeding brought on and a decree made before March 31, 1946. Under the original provisions of subdivision 2, a trustee who had moved promptly for the award of commissions prior to September 1, 1943, was accorded an advantage over one who had not acted. Under the amended form of the section each kind of trustee is treated alike. When receiving commissions at the rates and method of calculation were awarded, either before or after September 1, 1943, the trustee was expressly declared " * * * not to be entitled to retain further annual principal commissions until the amount of annual principal commissions to which he otherwise would have been entitled * * * shall equal the amount of principal commissions which the trustee has been awarded " by decree.

Consideration of all of the present provisions of section 285-a clearly reveals the legislative intent to differentiate the commissions in trusts in perpetuity from those not in perpetuity. The method applying to the form of each of these trusts is exclusive of the other. The simplest demonstration of this intent is found in the fact that under the amendment made by chapter 138 of the Laws of 1944, in nonperpetuity trusts, the award of principal *receiving* commissions and the tolling of the withdrawal of annual *principal* commissions are provided for. Whereas, under subdivision 4, relating to trusts in perpetuity, the withdrawal of any *principal* commissions is prohibited. Consequently the Surrogate holds that the form of subdivision 2, as amended by chapter 138, authorizing the award of principal receiving commissions, has no application to an exclusive trust in perpetuity for charity. That amendment only permitted the award of receiving commissions where there was an existing life estate for an individual.

Receiving commissions are, therefore, denied to the corporate trustee.

The corporate trustee can only be allowed and can only withdraw income commissions pursuant to the terms of subdivision 4 at the rate of 5% upon the annual income collected by such trustee after September 1, 1943.

The computation of commissions contained in Schedule K of the account here is incorrect in this regard. There has been a plain overpayment of income commissions. The excess over the proper amount must be returned to the trust estate.

In the exercise of the discretion of the Surrogate compensation will be allowed to the estate of the deceased trustee pursuant to the conclusion reached in my decision in *Matter of Reckford* (181 Misc. 211, *supra*) (citing *Matter of Barker,* 230 N. Y. 364; *Matter of Bushe,* 227 N. Y. 85; *Matter of McGinnis,* 181 Misc. 207). Since there were two trustees and since the principal of the trust fund was always less than $100,000, the compensation of the deceased trustee is allowed at one quarter of the rates fixed in subdivision 3 of section 285-a.

Resubmit corrected computation of commissions in accordance with these directions of the Surrogate.

Submit decree settling the account accordingly.