In the Matter of the Estate of ALFRED W. ERICKSON, Deceased.

Surrogate's Court, New York County, April 26, 1945.

*Earl A. Darr* and *Frank A. Biba* for Newcomb Cleveland and another, as trustees, petitioners.

*John P. Hurley* for Edward L. Erickson, as executor, etc., respondent.

*Tompkins, Boal & Tompkins* for Trustees and Legatees Funding Corporation, respondent.

*Hall, Robinson & Hogan* for John L. Anderson, as committee of Grace McGrann, an incompetent, respondent.

DELEHANTY, S. The will of deceased was executed June 14, 1932. He died November 2, 1936. The now accounting trustees under his will received their letters of trusteeship on December 1, 1936. They began their functions as trustees on March 29, 1937. On all of the dates stated the statute regulating the compensation of estate fiduciaries was section 285 of the Surrogate's Court Act. The trustees ask in this accounting proceeding for construction of deceased's will so far as its terms regulate the compensation of his fiduciaries.

In his will the twenty-sixth paragraph says: " My executors shall be entitled to receive as compensation for their services hereunder such commissions as are allowed executors by the Laws of the State of New York, and my trustees and guardians of property hereunder shall be entitled to like compensation, but no person, bank or trust company serving both as executor and trustee shall be paid any commissions for receiving the principal of any such trust, and no person, bank or trust company serving both as executor and guardian, or as trustee and guardian shall be paid any commissions for receiving the principal of such guardianships of property. The provisions of this paragraph shall be subject to the limitations as to the commissions contained in paragraph ' thirtieth ' of this will."

The thirtieth paragraph contains provisions for removal of fiduciaries and appointment of successors and in addition says: " If any bank or trust company shall have qualified as an executor and/or trustee and/or guardian and shall be removed as herein authorized, then such bank or trust company shall only be entitled to receive one-eighth of one percent ($\frac{1}{8}$ of 1%) on the amount of the principal and shall not be entitled to any commissions whatsoever for paying out such principal; but this shall not be construed as depriving such bank or trust company from receiving the usual commissions as to income received or paid out prior to its removal nor from reimbursement for bona fide obligations reasonably incurred as such executor and/or trustee and/or guardian; and in any case where commissions have been lawfully received by a removed executor and/or trustee and/or guardian, no refund of any portion thereof shall be required. If commissions equal to one eighth of one percent ($\frac{1}{8}$ of 1%) of the principal have been received prior to removal, other than on income, then said one-eighth of one percent ($\frac{1}{8}$ of 1%) first mentioned is not to be paid."

Another paragraph in the will — the eighth — contains text which deals with commissions. In that paragraph there is provision for invasion of principal under certain circumstances

and in respect of any such invasions the text says: "On the paying out of such principal, commissions shall be paid to each trustee at the rate of one-half of one percent ($\frac{1}{2}$ of 1%) upon the value of the principal so paid   *   *   *  ".

At the time of qualification and of receipt of the trust fund section 285-a of the Surrogate's Court Act was not in existence. Now that it is on the statute books (temporarily only it is to be hoped in the interest of sound trust administration) its text is resorted to by the trustees as a basis for withdrawing so-called annual principal commissions. None have in fact been withdrawn and the trustees ask the court to say whether there exists a right on their part to withdraw such principal commissions. They concede that they are not entitled to commissions for receiving principal of the trust if commissions are computable under section 285 of Surrogate's Court Act. They state their argument thus: "It is the claim of the accounting trustees that the principal commissions allowed by the section 285-a of the Surrogate's Court Act are in no sense commissions for 'receiving principal'; that such principal commissions as are now allowed by the new statute are but a new overall method of compensating trustees for their services, i.e., an increase in the rate of trustees' commissions which are now authorized by law, and that the language of said paragraph 'twenty-sixth' of said will which denies commissions 'for receiving the principal of any such trust(s)' does not interdict the new principal commissions allowed by the new statute." Basically their contention is that the 1½0% of income commissions allowed to be charged annually to principal under section 285-a of the Surrogate's Court Act constitutes compensation for current services and does not constitute a commission for receiving.

One of the parties interested in principal opposes the allowance of the charge to principal and contends that the compensation of the trustees must be computed according to the rates set forth in section 285 of the Surrogate's Court Act as it existed at the time of qualification and receipt of the trust fund, subject only to the limitation that no commissions for receiving principal are allowable.

It is to be noted that in the text of paragraph twenty-sixth the compensation of the executors is defined as: "such commissions as are allowed executors by the Laws of the State of New York". The text goes on to say: "my trustees   *   *   *  hereunder shall be entitled to like compensation". Is this a statement by deceased that the trustees are to have the equivalent of an executorial commission (excluding receiving com-

missions) or does he intend to say that his trustees are to have "such commissions as are allowed * * * by the Laws of the State of New York"? The respondent says that the text means clearly that the trustees' commissions are measured by executorial commissions and that they are fixed by the terms of section 285 of the Surrogate's Court Act. The trustees do not comment on this argument in their brief but presumably they must assert that the words "like compensation" do not mean compensation such as an executor is entitled to have but rather compensation such as the laws of the State of New York fix for trustees.

The court must endeavor to ascertain what the *deceased* meant by this text. When the will was drafted and when he died the rules for computing commissions of executors and trustees were exactly the same. It can scarcely be said that deceased contemplated that there could ever be put upon the books such a scheme for compensation as is comprised within the current text of section 285-a of the Surrogate's Court Act. That act contains so many departures from sound principles of trust administration and departs so widely in its text from the statute which theretofore had regulated the compensation of trustees that the courts, as a matter of proper performance of their duties, have made only such construction of it as the necessities of the immediate issue required. There seems to the court here no need at this time to go beyond a narrow field in the construction of deceased's text because the question now presented can readily be disposed of without resort to a broader construction.

The trustees qualified without renouncing the compensation provided for in the will. By their qualification they accepted that compensation. Their argument for a right to take from principal annually 110% of annual income commissions is based upon an entire misconception of the statutory provisions for compensation of fiduciaries. As this and other courts have said repeatedly the statute envisages compensation for the entire job of receiving, administering and distributing the fund in the hands of the fiduciary. As a matter of convenient terminology there has grown up the practice of speaking of receiving and paying out commissions. The introductory portion of section 285 of the Surrogate's Court Act provides that the court must allow to the fiduciary "for his services in such official capacity" commissions at rates specified. The statute fixes the rates by reference to "receiving and paying" but implicit in that text is of course the word "administering".

It is commonplace that commissions are payable only when allowed by the court. No vested right to commissions arises because of the mere act of receiving nor because of the mere act of paying out nor indeed because of the combined acts of receiving, administering and distributing. What is intended to be compensated is the entire body of service by the fiduciary. The base for computing commissions at the date of qualification of these trustees was in general the value of the principal received and the value of the principal paid out. Such values were used as measures but not as definitions of right.

Perforce the provisions of this will and the qualification of the trustees thereunder, without renunciation of the prescribed compensation, the trustees have waived that portion of allowable principal commissions which at the time deceased wrote his will were called in common parlance receiving commissions. So-called receiving commissions for each trustee, computed on the law extant when the will was drawn, would amount to a sum so large that if subdivision 1B of section 285-a of the Surrogate's Court Act were deemed applicable at all the annual principal withdrawals computed under that subdivision would not reach for many years the aggregate sum which the trustees are held to have waived. The provisions of the cited section [subd. 2] which deny further payment from principal to a trustee who had prior to the enactment of section 285-a been allowed his so-called receiving commissions are equally applicable to a trustee who theretofore effectively waived receiving commissions under pre-existing law. Because of their waiver these trustees may not have the benefit of the relief provisions inserted in paragraph 2 of section 285-a of the Surrogate's Court Act (see L. 1944, ch. 138) at the instance of the surrogates for the relief of trustees who had neither been awarded commissions nor had waived them.* Under no concept of the text of deceased's will can there arise for perhaps a decade and a half any basis even to claim principal commissions if the present income return on the trust assets remains substantially what it is today. By that time section 285-a of the Surrogate's Court Act may have been repealed and may have become only a subject of wonderment that it ever found place in our laws.

The court holds that in any case capital commissions have been waived in an amount of money equal to a so-called receiving commission computed under the terms of section 285 of the Surrogate's Court Act. It might perhaps be suitable to add

---

* Permitting awards of principal receiving commissions on the former basis until March 31, 1946.— [REP.

a word of caution. Nothing in the court's comment respecting the tenor of the will and respecting the limitations upon the right of the trustees to principal commissions is to be regarded as any indication that at any time the court will say that the measure of compensation of the fiduciaries is to be found in section 285-a of the Surrogate's Court Act.

Submit, on notice, decree construing the will and settling the account accordingly.