In the Matter of the Accounting of CARL J. SCHMIDLAPP et al., as Trustees under the Will of HENRY EVANS, Deceased.

Surrogate's Court, New York County, June 11, 1945.

*Lamar Hardy* and *Howell D. Boyd* for Carl J. Schmidlapp and another, as trustees, petitioners.

*Mudge, Stern, Williams & Tucker* for Servants of Relief for Incurable Cancer, respondent.

*Rathbone, Perry, Kelley & Drye* for Central Hanover Bank & Trust Company, as executor and trustee under the will of Ernest Sturm, deceased, respondent.

*Henry J. Walsh, Jr.*, and *Walter F. O'Malley* for L. Elise Foster Sturm and others, respondents.

*Schwartz & Frohlich*, in personam and for Elizabeth B. Rumsey, respondents.

FOLEY, S. The questions raised in this accounting proceeding are disposed of as follows: (1) The first question presented is the effect of a waiver and relinquishment by the individual trustee of commissions for receiving the original principal of the trust. The issue as to the waiver was raised upon the prior accounting of the trustees. Determination was made upon the

individual trustee's own testimony and concession that receiving commissions had been renounced. He expressly reserved his right to ask for commissions for receiving realized increments of principal and commissions for paying over. (*Matter of Evans,* N. Y. L. J., Dec. 7, 1940, p. 1920, col. 7.) That determination was carried into the decree, dated April 7, 1941, which settled the account.

The Surrogate is now required to rule upon the effect of such renunciation in the computation of commissions under subdivision 3 of section 285-a of the Surrogate's Court Act (as added by L. 1943, ch. 694). That subdivision clearly requires the deduction from so-called minimum distribution commissions on the termination of the trust, of any commissions previously allowed and paid to the trustee for receiving the fund. It should be noted here that the decree referred to above, settling the prior account, was made before the effective date of section 285-a. The waiver of receiving commissions became *res judicata* and effective for all time. The enactment of a new statute changing the method or rates of computation of commissions is futile to affect a prior decree. (*Matter of Barrett,* 124 Misc. 699, 703.)

Under subdivision 3 of section 285-a, in the computation of the minimum principal commission on distribution, there must be deducted the commissions on principal which the trustee " has theretofore at any time received ". The Surrogate holds that there must likewise be deducted all sums which the trustee validly and permanently waived and relinquished. The trustee is in the same position as if receiving commissions had been allowed to him by decree. That conclusion results not only from a construction of the subdivision but also from the determination of the renunciation of receiving commissions by the trustee which was carried into the prior decree. A substantially similar conclusion as the result of a waiver and consent to receive reduced commissions fixed by the terms of a will was reached by Mr. Surrogate DELEHANTY in *Matter of Erickson* (184 Misc. 830). The commissions of the individual trustee must be further reduced for the reasons stated and the ruling made as to the corporate trustee under the second part of this decision.

The objections to the computation of commissions set forth in the account are accordingly sustained.

(2) The will of Mr. Evans created seven separate and independent trusts. Two of these trusts have terminated in part by the death of the widow, who was the life tenant of the bulk

of the residuary estate, and by the death of Samuel D. Minor, who was a life tenant of a relatively small trust of specific shares of stock. Under the terms of the will three quarters of the principal of these trusts are presently distributable to individual remaindermen. One quarter is to be held in further trust in perpetuity by the corporate trustee only for certain designated charities. Both trustees seek distribution commissions on the entire fund. The Surrogate holds that commissions are allowable under subdivision 3 only as to the three quarters which have vested and are presently distributable. Under subdivision 4 of section 285-a, which relates to trusts in perpetuity with preceding life interest, any payment of minimum principal distribution commissions is prohibited. In *Matter of Belknap* (184 Misc. 272) I discussed the application of subdivision 4 to the other subdivisions of section 285-a. I held that subdivision 4 was exclusive of any other provision of the entire section. My interpretation of the terms of the section in *Matter of Belknap* (*supra*) is applicable in the pending proceeding. Under subdivision 4 it is stated that a trustee is entitled " to no commission from principal." During the period of the life of the individual *cestui* the trustee is entitled to income commissions. He is also entitled to withdraw and be awarded during that period " annual principal commissions " based upon income collected after September 1, 1943. Minimum distribution commissions on the amount of the funds held in perpetuity are therefore disallowed.

(3) Submit corrected computation of commissions of each of the trustees in accordance with these rulings of the Surrogate.

(4) The request for permission to reserve funds for payment of income taxes and other expenses as set forth in the petition is granted.

(5) Submit decree on notice settling the account. That decree may contain a reservation for the determination by supplemental decree of the interest of the deceased life tenant, Samuel D. Minor, pending service of citation on or proper voluntary appearance by the executor or other legal representative of his estate when appointed.