In the Matter of the Accounting of WALTER S. SEIDMAN, as Executor and Temporary Administrator of the Estate of HENRY GROSSMAN, Deceased.

Surrogate's Court, Kings County, July 10, 1953.

*Gainsburg, Gottlieb, Levitan & Cole* for Deborah Jewish Tuberculosis Society.

*Blum & Jolles* for Polish Consul General in City of New York.

RUBENSTEIN, S. The testator herein died June 22, 1940, and his will, dated June 14, 1939, was duly admitted to probate in this court on October 25, 1940. By the terms thereof, paragraph " Sixteenth ", he bequeathed to " Rifka Turjansky of Bialystok, Poland, if she survive me " $750 and to each of her children " now living " $500 and to each of her grandchildren " now living " $250. Because of the situation existing in Europe, particularly in Poland, at the time of testator's death and at the time of the executor's accounting, the executor was unable to ascertain, after due diligence, whether Rifka Turjansky or any of her children or grandchildren survived testator. On such accounting, a stipulation was entered into by the executor, the attorney for the residuary legatee, the attorneys for the Consul General of Poland and the attorney for the Consul General of the U. S. S. R., respectively representing legatees, nationals and residents of Poland and Russia, providing that the decree settling the account should direct that the legacies to specifically named legatees and members of the classes, resident in foreign countries, be paid by deposit thereof with the city treasurer, pursuant to section 269 of the Surrogate's Court Act. The stipulation further provided that " the names of the members of the said classes, insofar as they are known to the parties hereto being set forth in Schedule A annexed hereto and made part hereof." Such schedule named the legatees under paragraph " Sixteenth " of the will as Rifka Turjansky, five children and fifteen grandchildren of Rifka Turjansky, such children and grandchildren being designated under fictitious names as " the names of the children and grandchildren of Rifka Turjansky listed above are not definitely known." Alongside each name is given the amount of the legacy payable to each such person, aggregating $7,000.

The decree settling the account of the executor, dated February 5, 1942, directed payment to Rifka Turjansky, her five children and fifteen grandchildren of their respective legacies, less a proportionate part of each payable to the attorneys for the Consul General of Poland as their compensation, by deposit thereof with the city treasurer, pursuant to section 269 of the Surrogate's Court Act. Deposits of the sums directed by the decree were duly made with the city treasurer.

The present application is by the sole residuary legatee named in testator's will, praying that the provisions of the decree of February 5, 1942, which constitutes a determination that the five persons named therein as children of Rifka Turjansky and the fifteen named as her grandchildren constitute the class of

children and grandchildren of Rifka Turjansky mentioned and described in paragraph " Sixteenth " of testator's will, are null and void and of no further force and effect; declaring that at testator's death there were no persons in existence answering the description of children or grandchildren of Rifka Turjansky; that no child or grandchild of Rifka Turjansky ever became entitled to any legacy under paragraph " Sixteenth " of testator's will and that no heir, next of kin or legatee of any child or grandchild of Rifka Turjansky ever became entitled to any share of such legacies; directing that all sums deposited with the city treasurer for the benefit of the children and grandchildren of Rifka Turjansky become part of testator's residuary estate and directing payment thereof to petitioner as the sole residuary legatee.

The application is denied without prejudice. The stipulation of the parties, including the petitioner, through their respective attorneys, and the decree entered thereon settling the account of the executor fixing the number of children and grandchildren of Rifka Turjansky and directing payment of their legacies by deposit thereof to their credit with the city treasurer has the binding force of a judgment in their favor (Surrogate's Ct. Act, §§ 80, 274), and may not be set aside or declared null and void except on appropriate notice to them and demonstration of one or more of the causes for which the court may vacate, modify or set aside the decree of February 5, 1942, in accordance with the provisions of subdivision 6 of section 20 of the Surrogate's Court Act. (*Matter of Rosenthal,* 141 Misc. 404; *Matter of Scheel,* 177 Misc. 937.) In order to succeed, the petitioner must establish that the stipulation and the entry of the decree, pursuant thereto, was obtained through fraud, mistake or misrepresentation and that, in fact, more or less than the number of children or grandchildren of Rifka Turjansky stipulated by the parties survived the testator. Proof must be shown of the nonexistence of children or grandchildren of Rifka Turjansky or facts to warrant the indulgence of a presumption that none in either of such classes of legatees survived testator, after a thorough and diligent search to ascertain the facts.

The papers submitted on this application fail to demonstrate the existence of any of the causes enumerated in the cited section of the Surrogate's Court Act. No investigation has been made in Poland, where the legatees were believed to reside, nor inquiry made among the various agencies in that country and adjoining countries, which may have acquired information concerning Rifka Turjansky or her descendants. Inquiry among

friends and relatives of Rifka Turjansky in this country without some effort to obtain information from Poland is entirely insufficient to base or determine that no children or grandchildren of Rifka Turjansky survived testator.

Submit order, on notice, accordingly.