S. Samuel Di Falco, S.
The testator’s will created a trust for the life of his sister and nominated two individuals as the trustees. The will directed that upon the death of the sister the trust principal be paid over to a trust company, in trust, for the purposes and upon the terms contained in the resolution and declaration of trust creating The New York Community Trust. The validity of this disposition is unquestioned (Matter of Guggenheimer, 168 Misc. 1; Matter of Caldwell, N. Y. L. J., Oct. 22, 1948, p. 883, col. 5; Personal Property Law, § 12).
The primary trust having terminated, the trustees of that trust are accounting and they request commissions for paying out the trust principal to the trust company. The trustee of the charitable trust asserts that perforce Surrogate’s Court Act (§ 285-a, subd. 5, par. [c]), commissions are not allowable for paying out any amount of principal. It is clear from the text of that statute that paying out commissions are not allowable where a primary trust, measured upon a life, is followed. by a secondary trust for charity and the same trustee administers the continuing trust, and the statute has been so interpreted (Matter of Evans, 186 Misc. 635; Matter of Caldwell, N. Y. L. J., Oct. 5,1949, p. 724, col. 1) but there is an open question as to the applicability of the statute to a situation where, under a similar trust plan, a testator designated one trustee of the primary trust and a different trustee of the charitable trust. The statutory provision respecting continuing trusts for charities was in the law, in substantially the same text, when this testator drew his will and, while he is chargeable with the knowledge that commissions would have been minimized by the naming of a single trustee to act for the full duration of the trust plan, it would be speculation to say that he, or his draftsman, had an opinion as to the effect of naming successive trustees. The apparent purpose of the Legislature in enacting a special provision respecting charitable trusts was to prevent the rapid exhaustion of such a trust which would result, by reason of the trust’s long duration, were normal commission to be charged against it. The Legislature was justified in feeling tiiat a trustee who had received normal commissions during a preceding life estate would be amply compensated by the granting of a special commission, computed on income only during the continuance of a trust for charitable purposes, and the denial of paying out commissions. The legislative purpose would appear to be one to deny commissions to a trustee for payment of principal while such trustee is administering a charitable trust
*302 The accounting trustees are not trustees of a charitable trust and they are not transmitting principal funds to themselves as trustees of a continuing trust for a secondary purpose. The trustees will have completed their duties under the will when they transmit the fund to the trust company and their trust administration will then terminate. The court does not consider paragraph (e) of subdivision 5 of section 285-a of the Surrogate’s Court Act as applicable to the accounting trustee and, accordingly, paying-out commissions are allowed to them.
The fee for legal services rendered by one of the trustees having been adjusted by stipulation and the objection to the fee initially requested having been withdrawn, the decree will direct payment of the agreed amount.
Submit decree on notice.