Otto C. Jaeger, S.
In this accounting proceeding the only issue to be determined is whether the corporate trustee, upon termination of the primary trust for the benefit of the testator’s sister for life, is entitled to commissions for paying over the remaining principal to itself as trustee of the secondary trust which, concededly, is for charitable uses only.
SCPA 2308, applicable here, expressly provides in paragraph (c) of subdivision 5 that, in the case of a trust created solely for charitable uses ‘ ‘ which continues after the termination of a life use or uses ”, the trustee, for the period of the measuring life or lives shall be entitled to commissions from income and principal at the regular rates,£ £ except that he shall not be entitled to any commissions for paying out any amount of principal ’ ’.
‘ ‘ It is clear from the text of that statute that paying out commissions is not allowable where a primary trust, measured upon a life, is followed by a secondary trust for charity and the same trustee administers the continuing trust” (Matter of Finck, 17 Misc 2d 300).
*350 The trust provisions in the cited case were almost identical to those here. There was, however, one significant distinction. There, the sole trustee of the charitable trust was not also a trustee of the life trust, the testator having designated different trustees to administer each. It is clear from the decision that but for that fact, principal paying commissions would have been denied.
The trustee contends that the charitable trust is not one which “ continues ” after the termination of the trust for life, but is a new and separate trust. This is a hair-splitting distinction at best. In a sense it could be said in every case that the secondary trust is separate and distinct from the primary trust. Where, however, pursuant to a single will, the fund continues to be held in trust by the same trustee for charitable uses after the termination of a life use, it must be considered a continuing trust for charity within the meaning of the statute (Matter of Evans, 186 Misc. 635). That is so even though the secondary charitable trust is for the purposes and upon the terms contained in the resolution and declaration of trust creating the New York Community Trust, the terms of which are incorporated into the will (Matter of Finck, supra ; Matter of Caldwell, N. Y. L. J., Oct. 22, 1948, p. 883, col. 5 ; N. Y. L. J. Oct. 5, 1949, p. 724, col. 1). The fact that the life beneficiary was a cotrustee of the primary trust is immaterial.
The court holds that the provisions of SCPA 2308 (subd. 5, par. [c]) are applicable and the trustee is not entitled to principal paying commissions.