*475 OPINION OF THE COURT
Brandon R. Sall, S.
This proceeding has been brought by David Dottin and Aldo Balducci, the co-administrators d.b.n. of the estate of Ina Dot-tin Gordon, to: (1) approve the payment of legal fees and disbursements and their commissions; (2) determine that Laura Dottin, now deceased, the prior fiduciary of this estate, should be denied her commissions; (3) determine that Lois Eddy, as Laura’s fiduciary, be surcharged the sum of $282,033.67 for malfeasance and negligence; (4) direct that the judgment to be entered in this court against Lois be entered in Supreme Court, State of New York, County of Kings and Surrogate’s Court, Kings County; (5) determine that Lois be surcharged individually in the amount of $54,515; (6) direct that any recovery from Laura’s estate and from Lois individually be paid to David, as the fiduciary of the estate of Omar Dottin, the decedent’s sole distributee; (7) direct that Fidelity and Deposit Co. of Maryland turn over to the estate the full amount of the surety bond for Laura’s negligence and malfeasance; and (8) settle their accounting.
Additionally, after the accounting petition was sub judice, the attorney for the administrators d.b.n. requested that the court allow them to make an interim distribution to Omar’s estate.
Of the interested parties cited, all have defaulted except for Fidelity which filed an authorized notice of appearance. U.S. Specialty Insurance filed an admission of service. While all of the affidavits of legal services have been submitted by the various attorneys, Lee M. Zeldin, Esq. did not waive a hearing on the matter of counsel fees (22 NYCRR 207.45). The period for this account is July 19, 2011 through March 17, 2014.
The undisputed facts are as follows:
The decedent was married to Robert Gordon until he died on July 18, 1996. She resided at 18 Overcliff Street, Yonkers, New York. On June 10, 2008, the decedent died, leaving Omar, her brother, as her sole distributee.
On July 17, 2008, Laura, with a waiver and consent filed by Omar, filed a petition to receive letters of administration in the decedent’s estate.
Omar was married to Sybil Dottin and he had three children: Omar Dottin, Jr., Laura and David. At some time in 2004, Jr. died, leaving two daughters, Ivy Voreen and Sareenah Laing-Cook.
*476 On August 28, 2008, Omar died, leaving an instrument containing the following pertinent provisions, among others: (1) nothing to Sybil since they had been “separated for decades”; (2) $10,000 to each of Ivy and Sareenah; and (3) residuary equally to Laura and David.
On January 9, 2009, Laura filed a consent to change attorneys in the administration proceeding seeking letters in the decedent’s estate. On February 3, 2009, David appeared by counsel in that proceeding.
On February 6, 2009, Laura filed an amended petition for letters of administration which reflected the death of Omar and the addition of Ivy and Sareenah as interested parties. Ivy and Sareenah consented to the relief requested in that petition.
On April 24, 2009, the court issued a decree granting Laura letters of administration subject to the filing of a bond in the amount of $50,000. On July 29, 2009, the bond was filed, and the court issued the letters of administration to Laura in the decedent’s estate.
Fifteen months later, on October 25, 2010, Laura died. The court was notified by letter dated January 24, 2011.
Nine months after Laura’s death on July 19, 2011, with the posting of a $128,000 surety bond, David and Aldo were appointed co-administrators d.b.n. of the decedent’s estate.
On April 13, 2012, Lois became the fiduciary of Laura’s estate.
On March 25, 2014, the administrators d.b.n. filed this accounting proceeding seeking the relief as set forth above including the surcharge against Laura and Lois individually and as the fiduciary of Laura’s estate. The total assets for which they are accounting are $317,031.97.
On January 30, 2015, the co-administrators d.b.n. and Fidelity entered into a stipulation which provided, among other things, that Fidelity would pay the administrators d.b.n. the sum of $38,000 within 14 days of the decree (to be made in this proceeding), and Fidelity would receive a partial assignment of the decree.
As set forth above, the administrators d.b.n. are requesting that the court issue a final decree of accounting in the decedent’s estate. As a general rule, “an accounting decree is conclusive and binding with respect to all issues raised and as against all persons over whom Surrogate’s Court obtained ju *477 risdiction” (see Matter of Hunter, 4 NY3d 260, 270 [2005]). The purpose is to assure finality (see Matter of Prentice, 160 NY 568 [1899]; Matter of Rosenthal, 141 Misc 404 [Sur Ct, NY County 1931]).
However, this court does not have the jurisdiction required to render such a decree in the proceeding. SCPA2210 (7) states that “[u]pon a voluntary judicial settlement of the account of a fiduciary process must issue to . . . all legatees except those who by acknowledged release appear to be paid” (see also Matter of Zeigler, NYLJ, Mar. 16, 1993 at 22, col 4 [Sur Ct, NY County]). Based on the plain language of the statute, the court lacks jurisdiction over Ivy and Sareenah. They may be served with citation, or in lieu of service on Ivy and Sareenah, the administrators d.b.n. may file acknowledged receipts and releases executed by them.
Sybil is also an interested party by virtue of her right of election. While she was disinherited by Omar, the statutory scheme gives her the opportunity to file a notice of election (see EPTL 5-1.1-A). As to her, jurisdiction may be obtained either by citation or by an amendment to the petition, the amended petition and the account, by sworn statement which reflects that the court files have been searched and no right of election has ever been filed by Sybil or any authorized representative on her behalf and the time to do so has expired.
Once jurisdiction is obtained, the court will consider the relief prayed for by the administrators d.b.n. as set forth in their citations, petitions and any amendments to the petition.