H. V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent, *v.* LEW WOHL et al., Copartners, Doing Business as CENTERVILLE DAIRY AND MERCHANDISING COMPANY, Appellants.

Third Department, April 28, 1943.

*Harry L. Marcus* (*Herbert L. Maltinsky* of counsel), for appellants.

*Milo R. Kniffen* (*Robert G. Blabey* of counsel), for respondent.

Schenck, J. This is an appeal from an order of Special Term granting a temporary injunction to respondent Commissioner of Agriculture and Markets restraining appellants from dealing in, handling, distributing, buying or selling milk and/or cream within the State without the milk dealer's license required by article 21 of the Agriculture and Markets Law, and denying appellants' motion to dismiss the complaint.

The facts are not in dispute. Appellants are copartners operating a general grocery store selling milk and cream and various dairy products, including butter, eggs, cheese of all kinds, and as well, a general line of delicatessen goods and canned goods. The real issue here is the construction of section 257 of the Agriculture and Markets Law (as amd. L. 1941, ch. 891, eff. April 1, 1941), which reads in part as follows: " Stores and farmers (including individuals and partnerships but not corporations) selling not more than one hundred quarts daily average of milk on the farm where produced to consumers coming there for it shall be exempt from the license requirements provided by this article." In a memorandum Special Term wrote: " It is clear in view of the wording of the statute that the defendants should be enjoined inasmuch as the customers do not come to the store." Prior to the amendment effective April 1, 1941, the pertinent part of section 257 insofar as it then affected stores read: " Stores shall be exempt from the license requirements provided by this article."

Appellants contend that the requirement of the statute " consumers coming there for it [milk] " was made applicable only to farmers and that the section as it previously existed exempted stores from licensing requirements and that deliveries of milk and cream could be made by stores to their customers. It is not denied that appellants do make deliveries of large quantities of milk off the premises and directly to hotels and boarding house keepers who operate a seasonal business in Sullivan county. It may be ascertained from the record that the delivery in one day of cases and cans of milk to customers

operating hotels and boarding houses amounted to at least 148 quarts. These deliveries were made upon orders either brought to the store by consumers or telephoned in by them, which, in any event required off-premises deliveries.

It is the claim of the respondent Commissioner that under the statute, the deliveries off the premises and not the point of sale is the important factor, while the appellants contend that it is not the delivery which controls, but the place where the sale is consummated. Obviously, the large amounts of milk and cream delivered to these several places were not incidental items with an order of groceries and necessarily constitute a handling and distribution of milk off the premises, which is prohibited by the statute if it may be found that the prohibition applies to off-premise deliveries by stores as well as like deliveries by farmers.

Did the amendment to section 257, effective April 1, 1941, change the law as previously enacted in regard to stores? I think not. The original provision was retained and between the word " stores " and the words " shall be exempt from the license requirements provided by this article " there was inserted the words constituting the amendment " and farmers (including individuals and partnerships but not corporations) selling not more than one hundred quarts daily average of milk on the farm where produced to consumers coming there for it." It may fairly be inferred that by the amendment it was the Legislature's intention to continue the exemption of stores from licensing requirement, but an additional exception was made to farmers selling not more than a certain daily average of milk produced on the farm provided the consumers came to the farm for it.

In his brief, respondent Commissioner maintains that such a construction discriminates against the farmer producer and creates an arbitrary classification which leaves the exemption language an unconstitutional amendment. Granted that the equal protection clause requires that a statute treat similarly those who are similarly situated (U. S. Const. 14th Amendt. § 1; N. Y. Const. art. I, § 11, it may fairly be found that there is a distinction between a storekeeper carrying a general line of groceries and selling as well various kinds of dairy products and a farmer engaged solely in the production of milk. The former carries on a general business and is required to make deliveries in order to maintain his customers. The farmer is at best a producer and if he desires to carry on a general milk business he must obtain a license. The most this amendment does is to allow a producer to sell to consumers calling at the farm a limited amount of milk.

The State has broad discretion in classification in exercise of regulation and unless such exercise of power is arbitrary, there is no violation of the equal protection clause. (*Smith* v. *Cahoon*, 283 U. S. 553.)

The order of Special Term granting a preliminary injunction should be reversed and the motion denied, and the order denying appellants' motion to dismiss the complaint should likewise be reversed and such motion granted.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order of Special Term granting preliminary injunction reversed, on the law and facts, and motion denied.

Order denying appellants' motion to dismiss the complaint reversed on the law and facts and motion granted, with ten dollars costs.