■ HARRY MOSKOWITZ, Respondent, v. IRMA M. GARLOCK, Appellant, et al., Defendants. — AULISI, J. Appeal from an order entered in the office of the Clerk of the County of Albany on December 3, 1964, which, *inter alia,* granted summary judgment and struck out defendant's answer. Defendant Garlock on or about December 22, 1960, executed a mortgage to the plaintiff in the sum of $3,165. On June 17, 1964, plaintiff commenced a foreclosure action and issue was joined by an answer which admitted the execution of the mortgage but denied the other allegations in the complaint and affirmatively stated that it was not given as security for a specific sum, that it was given only as collateral and that it was paid. Plaintiff demanded a bill of particulars and on August 12, 1964, obtained an order of preclusion concerning the affirmative allegations. Thereafter, plaintiff moved for summary judgment which was granted on the grounds that proof of the factual merits of the defenses were unavailable by reason of the preclusion order. Defendant has raised several triable issues by way of defense, supported by affidavits upon the motion, in addition to denying that she agreed to pay the amount set forth in the complaint. Special Term not only granted summary judgment but struck out defendant's answer. We do not decide whether or not defendant will be able to sustain her contentions because of the preclusion order or whether the granting of such an order is sufficient grounds for summary judgment (cf. *Israel* v. *Drei Corp.,* 5 A D 2d 987). However, in the instant case we believe that defendant has raised triable

issues and we cannot say a a matter of law that the preclusion order prevents defendant from introducing evidence to establish a defense (see *Jersey* v. *Globe Requa Coal & Lbr. Co.*, 13 A D 2d 507). While there is apparently no justification for the defendant's failure to submit a bill of particulars, summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue (*Braun* v. *Carey*, 280 App. Div. 1019). Order reversed, on the law and the facts, and motion denied, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.