■ CROWLEY'S MILK COMPANY, INC., Respondent, v. MARTIN B. KLEIN, Appellant.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, Broome County, which denied defendant's motion (1) for summary judgment to dismiss plaintiff's complaint in this action to recover from the defendant personally the balance alleged to be due for merchandise sold and delivered to him while he was operating a business as a receiver; (2) for a stay of proceedings and (3) to punish plaintiff's treasurer and attorney for contempt. The defendant denies liability urging that plaintiff had notice of the fact that he was acting as receiver from conversations he had with its representative and from checks signed by him in his representative capacity in payments made to plaintiff. The latter denies any knowledge and argues that its bills to defendant for said merchandise were made to him personally. We believe that upon the record before us a question of fact was presented which entitled the plaintiff to a trial and the Special Term properly denied defendant's motion. The requirements of the rule of summary judgment should be strictly complied with in order to entitle a party to that relief. To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (*Di Menna & Sons* v. *City of New York*, 301 N. Y. 118). This remedy should not be granted where there is any doubt as to the existence of such issues (*Braun* v. *Carey*, 280 App. Div. 1019); or where the issue is arguable (*Barrett* v. *Jacobs*, 255 N. Y. 520, 522); "Issue-finding, rather than issue-determination, is the key to the procedure" (*Esteve* v. *Abad*, 271 App. Div. 725, 727); it may not be granted whenever the pleadings raise clear, well-defined and genuine issues because the granting of such motion is the procedural equivalent of a trial (*Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, 404; *Falk* v. *Goodman*, 7 N Y 2d 87, 91). Order affirmed, with $10 costs. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.