Otto 0. Jaeger, S.
Petitioner has moved to vacate a jury-
demand made by respondent, on the ground that the relief sought by the petition and the counterclaim interposed thereto by respondent are equitable in nature and that this is not a proceeding in which the respondent has a constitutional right of trial by jury.
The executrix has petitioned this court to compel the decedent’s surviving spouse to surrender and vacate certain real property of which the de'cedent was the record owner at the time of death, and the respondent (husband) has by way of affirmative defense counterclaimed, disputing the absolute record ownership of testatrix to the real property, alleging himself to be the “ sole and rightful and equitable owner entitled to the fee ownership” on the grounds that title to same, which apparently was at one time held in both respondent’s and decedent’s names jointly as tenants by the entirety and allegedly having been purchased with respondent’s funds, was subsequently conveyed into the decedent’s name alone “ for the sole purpose of insulating the equity in the home against the possible risks of respondent’s [business] venture ” and that title “ was to be *870 held by testatrix in trust exclusively ’ ’ and would be conveyed back to respondent ‘ ‘ upon demand pursuant to their express agreement and understanding.”
Respondent further alleges that, pursuant to said “ express agreement and understanding * * # upon the prior death of the testatrix the fee title to said property would thereupon vest in respondent in the same manner and with the same force and effect as if same were in the names of both respondent and testatrix as tenants by the entirety.” Furthermore, respondent contends that by filing his notice of election herein, he will have some interest in the real property, independent of his claim to the fee. Accordingly, the relief sought in the counterclaim is for an affirmative judgment or decree declaring that the fee title to and sole ownership of the real property belongs to respondent and directing that an appropriate deed be executed and delivered to him by the executrix, and in the alternative, for a judgment or decree determining and fixing the “proper and just equity of respondent” in said property and directing that an appropriate deed be executed and delivered by executrix to respondent, individually and as natural and general guardian of the infant beneficiaries under the will, for their respective shares in said property, as thus determined and fixed.
Respondent' urges that by reason of CPLR 4101 (subd. 2), pertaining to an action for determination of a claim to real property under article 15 of the Real Property Actions and Proceedings Law, he is entitled to a jury trial with respect to his counterclaim.
The respondent is not entitled to a trial by jury of the issues raised by the pleadings before this court, for several reasons.
SOPA 502 governs with respect to jury trials in the Surrogates’ Courts and grants the right in any proceeding in which any controverted question of facts arises as to which any party has a constitutional right to trial by jury. The State Constitution (art. I, § 2) states that the right shall remain inviolate forever in all cases in which it has heretofore been guaranteed by constitutional provision.
The test most frequently applied in cases of this kind seems to be whether the relief 'sought would be of legal or equitable cognizance (Matter of Hamilton, 220 App. Div. 536). An examination of both the petition and the counterclaim reveals that equitable relief is being requested by the parties.
Petitioner, in seeking to require one in possession of decedent’s realty to place a fiduciary in possession, is acting within the powers and authority given to her under EPTL 11-1.1. *871 By so doing, petitioner has invoked the general equitable grant of jurisdiction of this court (Matter of Burstein, 153 Misc. 515). While the executrix here undoubtedly could have chosen to bring her grievances before a court of general jurisdiction, she has properly come before this court with respect to a matter “relating to the affairs of decedents”. (SCPA 201, subd. 3.)
As has been noted in cases such as this, where a party did not come to this forum initially, the “ courts have referred the outraged administrator to this court for relief, with the result [due to the delay necessarily incurred] that this possessory asset of the estate has become impaired or wholly dissipated. Belief for those in the position of the present applicant is urgently required in the interest of a conservation of the estates in their charge.” ■(Matter of Burstein, supra, p. 519.)
The counterclaim of the respondent clearly alleges facts of an equitable nature, and if taken by itself, could be deemed to be one or more of several different actions in equity,, i.e., to reform a deed; to impress a trust on realty and even an action to compel specific performance of an “ agreement and understanding ” relating to his interest in certain real property. That such actions 'are equitable in nature requires no citation of supporting authority.
CPLB 4101 specifically excepts trials by jury in any of the cases enumerated thereunder, of which an action in ejectment is one and a determination of a claim to real property is another, by providing for the trying of such issues by the court, where equitable defenses and equitable counterclaims are asserted (see Spiegel & Sons Oil Corp. v. Tallering, 46 Misc 2d 462).
In Weinstein-Korn-Miller, N. Y. Civ. Prac. (vol. 4, par. 4101.36, p. 41-46), it is stated, in part: “ the New York approach to the problem, is to categorize the entire action as either ‘ legal ’ or ‘ equitable. ’ If the action is categorized as equitable, the party asserting the claim is said to have waived his right to jury trial.”
As pointed out in the last-stated source (p. 41-49): “ The provision in CPLB 4101 that equitable defenses and counterclaims shall be tried by the court is new. Formerly, section 424 of the Civil Practice Act required equitable counterclaims in legal actions to be tried by the court, but equitable defenses to legal actions were held to be triable in the same way as legal defenses, by the jury.” The text goes on to discuss the prior difficulties the courts have encountered in attempting to distinguish between an equitable defense and an equitable *872 counterclaim. Even more so here, where the respondent has labeled his pleading as both.
Lastly, respondent has alleged facts pertaining to his interest in the real property, independent of his claim as the fee owner, pursuant to his right of election to take against the will as the surviving spouse of decedent, and has sought judgment in the alternative to have ¡his interests determined therein as well as those of two infant beneficiaries who are the sole beneficiaries under the will.
Respondent, accordingly, is seeking an alternative adjudication of his rights in and to the real property which must come from the same set of facts to be determined'in his counterclaim. If fee ownership, both legal and equitable, is deemed to háve been vested in the decedent at the time of death, such a determination can only come from an adverse finding of the court with respect to the allegations set forth in the counterclaim. There is no constitutional or statutory right to trial by jury with respect to the alternative relief sought (Matter of Littman, 15 Misc 2d 430) and the rule is fundamental that where a party seeks legal and equitable relief in respect of the same wrong, his right to trial by jury is lost. (Di Menna v. Cooper & Evans Co., 220 N. Y. 391, 396.) In Standard Civil Practice Service, (vol. 10, § 4102, p. 341) the Advisory Committee notes beneath CPLR 4102 de'aling with waiver of jury trial, state in part: ‘ ‘ Where legal and equitable claims arise from the same facts, the waiver doctrine is unnecessary because there is no constitutional right to jury trial”. (1958 Report of Temporary Comm, on Courts; N. Y. Legis. Doc., 1968, No. 13, p. 221.)
If this counterclaim is determined, simply as respondent urges, as one at law to determine title to realty, 'his right to trial by jury would be waived in any event by the inference which must be drawn from his allegations that he is seeking to compel the executrix to specifically perform the alleged agreement pursuant to the duties of trust which were imposed on the decedent (Noto v. Headley, 21 A D 2d 686), by demanding the execution of a deed in his favor. However, as note'd above, the counterclaim is deemed to be of an equitable nature on other grounds, as well.
Respondent urges that Matter of Comfort (234 App. Div. 19). and Matter of Nutrizio (211 App. Div. 8) are compelling authorities to sustain his right to trial by jury. These cases are both 'distinguishable on their facts. Both involved discovery proceedings relating to personal property. Matter of Comfort (supra) dealt with the claim to corporate securities which were deposited by the decedent as a pledge against a loan. There *873 was no claim of equitable title alleged by the defendant, but rather the legal rights of a pledgee. Similarly, in Matter of Nutrizio (supra) the discovery of personal property was sought and the respondent raised an issue as to legal title, as the donee of a gift, with respect to certain bonds claimed by the administratrix. Motion granted.