John J. McCall, J.
Respondents herein, beneficiaries under the last will and testament of Joseph W. Coyle, have filed objections to the account of the executors herein and demand a jury trial as a matter of right on those objections.
Let it be said at the outset that between the parties here there is a true fiduciary relationship, that of executors to beneficiaries. It has long been the law that those who stand in the position of these respondents have no legal but purely an equitable remedy against the fiduciary and that the remedy is an accounting. As was stated in Matter of Boyle (242 N. Y. 342, 345) “ the settlement of an administrator’s account in some respects resembles an equity proceeding. It was not formerly recogr nizable at common law as to which there was and is no constitutional right to a jury trial. The surrogate is given jurisdiction of such settlement ”.
As to the matter of the relationship of the parties herein to each other, it is purely and completely equitable. Jury trials as of right are not available in such cases and never have been even from colonial days.
Respondent concedes that many courts have stated that there is no constitutional right to a trial by jury in an accounting proceeding, but insists the cases standing for the general proposition are distinguishable and inaccurately cited. The cases advanced by the respondent (particularly Matter of Beare, 122 Misc. 519; Matter of Boyle, 242 N. Y. 342; Matter of Garfield, 14 N Y 2d 251) all deal with the question of creditor’s claims or the resistance by a fiduciary to such claims. It must be remembered that in those situations the courts were dealing with something not purely equitable. Claims are actionable at law. In Garfield the court said (p. 258): “ No equitable principles govern the jural relations between these claimants and the executrix. She has no matured fiduciary duty to them until they have succeeded in establishing their disputed law cause ”. The respondent here says in his brief that in the nature of the claim the *549 Garfield case differs from the one at bar. How well he speaks. Unlike Garfield there is an unquestionable fiduciary duty in existence here, equitable principles alone govern the relationships between these parties and a legal claim is not present for the respondents have no standing to make one. To be sure negligence is in the case, but only as an element in the breach of fiduciary duty; no common-law action in negligence is available to the respondents, either as a separate cause of action in another court or as a counterclaim here. This accounting deprives them not of their right to sue, for in their position they never had such right.
Motion for jury trial as a matter of right denied, and also in the court’s discretion, denied.