Nathan R. Sobel, S.
The broad issue to be determined is the right to a jury trial in the Surrogate’s Court. This is a recurrent issue and a perplexing one not alone for this court but for all courts. (See 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4101.1 to 4101.39.)
Because of the decision of the 'Court of Appeals in Matter of Garfield (14 N Y 2d 251), the problem is deserving of some general discussion before reaching the specific issues raised by the demand in this proceeding. That decision to a substantial extent destroyed the bases for many earlier decisions from these courts.
The point of beginning must be the Constitution (art. I, § 2) and of necessity its “ heretofore ” clause.
The first Constitution, that of 1777, provided in article XLI: “ Trial by jury, in all cases, in which it hath heretofore been used * * * shall * * * remain inviolate forever ”. Perhaps as adopted in 1777 there was some justification for this technique of incorporation by reference. The plain purpose clearly was to include in the constitutional guarantee all *677 ‘ ‘ cases ’ ’ in which under the common law theretofore applicable in the 'Colony of New York the procedure of jury trial had been customarily “used”. Probably, the full extent of such usage was not known to the delegates.
At the Conventions which followed, those of 1821, 1846 and 1894, the delegates adopted the tempting, easy device of continuing the heretofore clause without change. The net effect, probably unintentional as far as the proceedings disclose, was to include in the constitutional guarantee those classes of cases in which the right to jury trial had been extended by statute during the intervening years from 1777 to 1894.
Between 1894 and 1938, the year of the next Convention, a great many jury trial issues reached our appellate courts. The “ freeze ” problem was called to the attention of the delegates to the 1938 Convention by the Committee created to make preliminary study of constitutional issues.
The Constitutional Convention of 1938 met the problem halfway and this almost without discussion or debate (2 Rev. Record 1278). What emerged after revision was a modified heretofore clause — “ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever” (art. I, § 2). The net effect of this modified provision was to continue under the constitutional guarantee all common-law rights to jury trial prior to 1777 and all such statutory rights enacted prior to 1894. Excluded however from the guarantee were all new statutory rights to jury trial enacted between the years 1894 to 1938 (Matter of Leary, 175 Misc. 254, affd. Matter of Werner v. Reid, 260 App. Div. 1000, affd. 285 N. Y. 693). More important, however, the new provision gave assurance to the Legislature that it might extend the right of trial by jury after 1938 into new fields without risk that the next convention would automatically give constitutional protection to such statutory extensions.
Merely as a footnote it is observed that at the “ unsuccessful ” Convention of 1967 there was presented by the writer of this opinion a modification which would have gone the whole way (Prop. No. 1349, § 18) by declaring affirmatively rather than incorporation by obscure reference, the classes of cases in which trial by jury should be guaranteed by the Constitution.
In summary of the foregoing there are now two classes of civil cases in which the right to trial by jury is guaranteed by the Constitution-, and a third group of cases where there exists a statutory right (enactments after 1894) to trial by jury (CPLR 4101, subd. 3).
*678 1. The classes of cases in which juries were ‘ ‘ heretofore used” in the Colony prior to 1777 are obscure and uncertain. It is generally agreed however that the ordinary cases in which such right was available are those specified in CPLR 4101 (subd. 1) and (2) (with the exception of those under art. 15 of the Real Property Actions and Proceedings Law). These include actions in which a party demands and sets forth facts which would permit a judgment for a sum of money only (the largest class; see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4101.11); also included are actions for ejectment; for dower; for waste; for abatement of and damages for a nuisance and to recover a chattel (replevin).
Most issues of the right to trial by jury in the courts arise in actions which fall within the classes of cases enumerated above. The problem in each case is to determine whether juries were commonly used for the class of actions in the Colony of New York prior to 1777.
2. A good many statutes were enacted between 1777 and 1894 which extended the right to trial by jury. These became constitutional rights by virtue of the heretofore clauses adopted by the Conventions of 1821, 1846 and 1894. Among the more common cases were actions for divorce, annulment, partition, claims to real property, mandamus, and more important for this discussion “ discovery ” proceedings, i.e., claims by personal representatives to recover property belonging to the estate. The latter was added in 1870 (L. 1870, ch. 359, § 7; ch. 394; later to become Surrogate’s Ct. Act, §§ 205, 206 now SCPA 2103, 2104). All of the above statutory rights became constitutional guarantees by virtue of successive adoptions by subsequent Conventions of the heretofore clause.
It should be noted that at the time of such incorporation by reference jury trials were not held in the Surrogate’s Court. A case requiring such trial was transferred to the County Court (L. 1847, ch. 280, § 45) or in the Supreme Court as later provided. The 1914 revision of chapter 18 of the Code of Civil Procedure authorized Surrogates to try such cases and as well all common-law issues in which trial by jury had been previously authorized in other courts (L. 1914, ch. 443). One of the problems, discussed infra, is whether the Constitution requires jury trials irrespective of the court in which the action is brought.
3. Since 1894 statutes have added other classes of cases to the list where jury trial is required. For the purpose of this discussion, the one which needs to be mentioned is ‘ ‘ any con *679 troverted question of fact ’ ’ arising in a proceeding for the probate of a will (SCPA 502 formerly Surrogate’s Ct. Act, § 68, subd. 1, as derived from L. 1914, ch. 443, and Code Civ. Pro., § 2546). This is probably a statutory right though it may have existed at common law. It has been held to include only probate issues, not issues such as status, kinship, domicile, right of election, etc. (Matter of Littman, 15 Misc 2d 430; Matter of Adler, 3 Misc 2d 631; Matter of Kahn, 106 N. Y. S. 2d 213; Matter of Davis, 136 Misc. 400; Matter of Doherty, 155 Misc. 396; Matter of Erlanger, 136 Misc. 784, affd. 229 App. Div. 778; Matter of Thompson, 204 App. Div. 182; but cf. Hamilton v. Hamilton, 220 App. Div. 536).
Parenthetically, a fourth category may be noted. Amendments to the Constitution have removed from the constitutional guarantee workmen’s compensation claims (art. I, § 18) and claims against the State (art. VI, § 18, subd. b).
The statute governing trial by jury in the Surrogate’s Court is SCPA 502 (subd. 1) (formerly Surrogate’s Ct. Act, § 68): ‘ ‘ A party is entitled to trial by jury in any proceeding in which any controverted question of fact arises as to which any party has a constitutional right of trial by jury and in any proceeding for the probate of a will in which such quesion of fact arises, if duly demanded.” This provision says nothing more (with the exception of probate issues) than does the heretofore clause of the Constitution.
Each time a demand is made for trial by jury, the Surrogate is required to determine whether such right was available by customary usage in the Colony or had become a constitutional right by incorporation of statutory rights enacted between the years 1777 and 1894.
In some dozen odd cases prior to Matter of Garfield (14 N Y 2d 251, supra) such determinations by Surrogates presented close issues. These were appealed. But no helpful rationale emerged as a result of appellate review.
A reading of these decisions establishes the basic problem.
Is it the nature and substance of the case which determines whether a jury trial is guaranteed?
Or, is it the court in which it is brought or the nature of the proceeding in which it is advanced, which is determinative ?
For one example, a claim against a decedent for goods sold or services performed is a common-law action for money only which is encompassed within the constitutional guarantee. If advanced in another court the parties would be entitled to a jury trial. Does it matter that the creditor presents his claim *680 against the estate in the Surrogate’s Court and advances it in the accounting proceeding? (See, e.g., Matter of Woodward, 105 Misc. 446, affd. 188 App. Div. 888; Matter of Beare, 122 Misc. 519, affd. 214 App. Div. 723; Matter of Boyle, 242 N. Y. 342; but cf. Matter of Stein, 200 App. Div. 726; Matter of Beer, 188 App. Div. 894, 924.) Despite the merger of law and equity (see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars 4101.02-4101.04) the -cited cases and others speak of an accounting proceeding being one in equity or of an “equitable nature” for which under the common law no right to jury trial existed. (Cf. People ex rel. Lemon v. Elmore, 256 N. Y. 489 with Matter of Pardee, 239 App. Div. 876.)
Another example is the discovery proceeding. As noted heretofore a statutory right in such cases existed after 1870. This became a constitutional right in 1894. When brought by the personal representative in other courts a right to jury trial was afforded as a matter of constitutional right. After 1914 such right to jury trial was also afforded in the Surrogate’s Courts (Matter of Wilson, 252 N. Y. 155; Matter of Comfort, 234 App. Div. 19; Matter of Nutrizio, 211 App. Div. 8). Obviously then it is not the court in which the proceeding is brought which is determinative. On the other hand, in a “reverse” discovery proceeding (SCPA 2105, formerly Surrogate’s Ct. Act, § 206-a) in the Surrogate’s Courts, right to jury trial is denied. Such a proceeding, very much like a discovery proceeding is held to be of an equitable nature (Matter of Leary, 175 Misc. 254, affd. 260 App. Div. 1000, affd. 285 N. Y. 693, supra; cf. Matter of Abend, 176 Misc. 717).
All of these cases were correctly decided but since Garfield, now discussed, sometimes for the wrong reasons.
In 1964 the Court of Appeals decided Matter of Garfield (14 N Y 2d 251, supra). The problems heretofore discussed were flatly presented by the briefs and in the opinions of the divided court below.
Garfield involved a simple claim by attorneys against the estate for legal services rendered to the decedent during his lifetime. Concededly the claim was for a sum of money only which was triable by a jury at common law and therefore as a matter of constitutional right.
The executrix, not the claimants, demanded a jury trial. This is significant. Because of the procedural statutes applicable, a claimant automatically waives jury trial when he elects to enforce his claim in the Surrogate’s Court (SCPA 1808-1810, formerly Surrogate’s Ct. Act, §§ 211-a-211-c). After *681 rejection of a claim by the personal representative, the claimant may within 60 days (formerly 90 days, see Surrogate’s Ct. Act, § 211-c) commence an action at law in another court. His failure to do so constitutes a waiver of jury trial (N. Y. Const., art. I, § 2; Matter of Boyle, 242 N. Y. 342; Matter of O’Neil, 47 Misc 2d 1047). The claim must then be determined on the judicial settlement of the account without a jury. Since the executrix in Garfield had no such option, the issue of the right to jury trial was flatly presented.
The executrix contended that the constitutional right to trial by jury depends upon the nature and substance of the claim. The claimants contended that it is not the nature of the claim but the kind of proceeding in which it is advanced which is determinative; that jury trials cannot be obtained as of right in accounting proceedings because such proceedings are either equity proceedings or equitable in nature. Both parties conceded that if the claim was prosecuted in the Supreme Court either party could demand and obtain a jury trial under the Constitution.
The Surrogate dismissed the jury demand. The majority opinion of the Appellate Division (18 A D 2d 29, 30) affirmed on the ground that “ since the claim herein is asserted in an accounting proceeding, which has always been considered as an equitable proceeding, no constitutional right to a jury trial exists for any of the parties ”. The minority held that any interpretation of the applicable statute which would deny a jury trial would be unconstitutional; in short, that if a jury trial is commanded by the Constitution, it cannot be denied by labeling the proceeding in which the issue is raised an equity proceeding or one of an “ equitable nature ”.
The Court of Appeals reversed by a divided vote. The majority opinion becomes the law of the case. What was held is significant not only as it applies to the right of jury trial on claims but also in all other kinds of proceedings in which jury trial is demanded in the Surrogate’s Court. The court held:
1. The executrix had a right to trial by jury which should not have been denied. The substance and nature of the case is determinative; and since it was one at law for work, labor and services the right to trial by jury is preserved by the Constitution.
2. The history of section 68 (now SCPA 502) establishes that the Legislature intended to preserve the right to jury trial in the Surrogate’s Court in all cases where it would have been available if demanded in any other court.
*682 3. The Legislature could not deprive a party who had a right to jury trial at common law of such right ‘ ‘ by authorizing a court of equity to take jurisdiction (People ex rel. Lemon v. Elmore, 256 N. Y. 489, 493; Hudson v. Caryl, 44 N. Y. 553) ” (p. 258).
Garfield settled the basic problems which had troubled the Surrogates. It is the nature and the substance of the claim' for relief, not the court or the nature of the proceeding in which it is advanced which determines the right to jury trial.
The same test must be applied in a proceeding in the Surrogate’s Court which would be applied if an action had been brought in the Supreme Court.
In each instance it must be determined whether the nature and substance of the relief requested is in law or in equity (O’Brien v. Fitzgerald, 143 N. Y. 377). If in law and included among those cases where jury trial is historically mandated by the Constitution or by statute, a jury trial must be had on demand. If the relief demanded is traditionally cognizable in equity there is no right to trial by jury for none was available at common law (Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 214).
With regard to the latter, one essential observation should be made. In Garfield the claim was made by a stranger to the estate against the fiduciary. As that court noted (p. 258): 11 No equitable principles govern the jural relationship between these claimants and the executrix When however an issue involves the fiduciary relationship or obligation between a fiduciary and beneficiary of an estate equitable principles do usually govern. Most if not all objections to the account would fall into this category. Thus it is not because (as stated in the eases cited) an accounting proceeding is per se one of an “ equitable nature ” but because a fiduciary obligation is involved in the dispute between the parties, that the proceeding is cognizable in equity. (See, e.g., Fur & Wool Trading Ltd. v. George E. Fox Inc., 245 N. Y. 215, 217-218; Matter of Coyle, 61 Misc 2d 548, affd. 34 A D 2d 612; cf. Geddes v. Rosen, 22 A D 2d 394, 398 [see however dissent], affd. 16 N Y 2d 816.)
We consider now the nature and substance of the claim for relief in the instant proceeding.
Petitioner is the widow of the decedent. The decedent made a trust provision for her in his will. She chose to elect against the will and her right of election was upheld (decision of 1/27/67). She is in consequence no 11 stranger ” to the estate but a beneficiary. The executor has filed an account. The *683 widow has filed objections. All of the objections concern securities listed in the account as assets of the estate.
The widow claims that she worked for 15 years after the marriage and commingled her savings with those of her deceased husband. She contends that this was pursuant to an agreement with the decedent that any and all securities purchased with the joint funds would be owned jointly or registered under joint and survivor ownership.
She does not, because she cannot, claim title to any specific securities. She says that some were originally purchased in joint names and later transferred to the name of the decedent alone. She claims that some such securities purchased with joint funds in joint names were sold by the decedent and new securities purchased in his individual name.
Clearly the nature and substance of her claim is to impress a trust on the securities to the extent that these were purchased with her funds and to the extent that original purchase or ultimate purchase was in violation of the agreement with her deceased husband to hold or register securities in joint and survivor ownership. The relief requested would require the court to determine the extent of her interest in the securities which would be measured in turn by money relief not by awarding title to specific securities.
This is relief cognizable only in equity for which historically and traditionally no jury trial is available under any statute or the Constitution. Her claim is not at law but for equitable relief against respondent for an accounting as the fiduciary of the estate (see Matter of Lacon, 58 Misc 2d 869; Matter of Johnson, 46 Misc 2d 285). She would not be entitled to a jury trial in action for the same relief against her husband if he were alive.
But even if it be regarded as one at law as an action for money only, the widow has waived her right to jury trial by not commencing an action at law but instead advancing her claim on the judicial settlement of the account (Matter of Garfield, 14 N Y 2d 251, 256-258, supra; Matter of Boyle, 242 N. Y. 342, supra; Matter of O’Neil, 47 Misc 2d 1047, supra).
Or, finally, if the petition combines a claim for equitable relief with one at law, the right to trial by jury is waived (Bradley v. Aldrich, 40 N. Y. 504; Wheelock v. Lee, 74 N. Y. 495; Di Menna v. Cooper & Evans Co., 220 N. Y. 391).
The executor’s request to strike the demand for jury trial is granted.