Irving A. Green, J.
Motion to confirm a trustee’s report of sale of a parcel of real property which had formed a part of á now terminated residuary trust and to allow trustee’s commissions, attorneys’ fees and expenses upon such sale, and directing distribution of the net' sale proceeds to the persons entitled thereto. The provisions of the will governing the descent and distribution of the proceeds of such sale are contained in subdivisions c, d and e of article fourth of the will, which read as follows:
“(c) Upon the death of the said Bertha Green, if not previously sold, to sell said real property and household furnishings, and after paying the expenses of said sale, to pay one-half of the net proceeds to my said niece Elizabeth W. Hill to whom I give and bequeath the same.
“(d) To pay the burial expenses of the said Bertha Green.
“(e) To pay and turn over to Eleanor M. O’Donnell of Newburgh, N. Y. the remainder of said.trust, to whom I give, devise and bequeath the same.”
The trustee, Eleanor M. O’Donnell, heretofore petitioned this court for authorization to sell said real property to herself, individually. Citation upon such application was duly issued and served upon the sole other interested person, namely, Elizabeth W. Hill, who appeared in the proceeding but did not oppose the application. An order was thereupon granted, bearing date January 23, 1973, by Acting Surrogate Paul F. Murphy approving such sale, no one appearing in opposition thereto, and further authorizing the application of the trustee’s share of the sale proceeds to be applied towards the purchase price. (SCPA 1915.)
This motion is opposed by the other legatee remainderman upon the grounds: (a) that the computation of trustee’s commissions solely upon the sale proceeds and without regard to the other general estate assets is improper and that, in any event, no allowance of commissions should be made before an accounting; and (b) the allowance requested for attorneys’ fees, with the exception of the fee attributable to actual closing of the title, should not be charged against the distributable share pf Elizabeth W. Hill since the legal services rendered in the proceeding for leave to sell the real property were solely for the benefit of the trustee purchaser, individually.
The resolution of the issues raised upon this motion necessitates the consideration by the court of the nature and extent *209 of the legacy contained in the will for Elizabeth W. Hill. The language expressing the bequest is unambiguous. She is to receive one half of the net proceeds of the sale of the real property “after paying the expenses of said sale”. The remainder of the residuary trust, after first paying the burial expense of the life beneficiary of the trust, Bertha Green, was to be paid over to the trustee, individually. The distributable share due Elizabeth W. Hill, therefore, is determined after the deduction from the gross sale price of only “ the expenses of said sale ”.
The court will first consider whether the commissions of the trustee are “expenses” of the sale. There is, of course, no common-law right to compensation for services as a fiduciary. The right to commissions is wholly statutory. No right to commissions accrues and they are not payable until judicially allowed by the Surrogate in the decree settling the account of the fiduciary. (Matter of King, 121 Misc. 530; 28 Carmody-Wait 2d, New York Practice, § 168:1.) SCPA 2308 which governs the allowance of trustee commissions in this estate is specific in that such allowance is to be made 1 ‘ on the settlement of the account of [the] trustee ”. Where the fiduciary has general trust duties of which the sale of a parcel of real property is but a part, this court considers the authority granted by SCPA 2302 (subd. 8) to be inappropriate. The trustee should await the settlement of the account for the fixation and allowance of commissions, unless other legal or equitable considerations recognized by statute are present (i.e., SCPA 2310, 2311; EPTL 7-2.8). Additionally, there is authority that the paying out by a trustee to himself does not entitle the trustee to paying out commissions. (Matter of Faroll, 39 Misc 2d 309, 311.) It is, therefore, clear that the commissions of the trustee are not an expense incurred upon the sale of the real property. Commissions constitute compensation to the trustee for the entire job of receiving, administering and distributing the funds in the hands of the fiduciary. (Matter of Erickson, 184 Misc. 830, 834.) No commissions are payable for services of the trustee solely upon the sale of the property (SCPA 2308), and, therefore, they cannot be deemed an expense of the sale.
The court now considers the objection to the requested allowance of attorneys’ fees and expenses. This objection, which is based upon the assertion that the proceeding for leave to sell the property inured solely to the benefit of the trustee, individually, is without merit. If the sale, approval *210 of which was sought in the proceeding, was not also beneficial to Elizabeth W. Hill, she had full opportunity to oppose the application and seek its denial by the court. She did not, however, oppose the application although entering an appearance by attorney. It is, therefore, apparent that the sale was of general benefit to both of the remaindermen legatees since, as an example, it avoided the expense of a real estate broker’s fee and facilitated the sale and disposition of the property.
Accordingly, the motion is granted only to the extent of confirming the sale and allowing the attorneys’ fees and expenses of the attorneys as requested. All other matters, including delivery of the deed under the sale (see SOPA 1915, subd. 3), and distribution, shall await the settlement of the trustee’s account.