FRIENDS OF ANIMALS, INC., Appellant, v ASSOCIATED FUR MANUFACTURERS, INC., et al., Respondents, et al., Defendants.

First Department, January 17, 1978

---

## APPEARANCES OF COUNSEL

*Sidney Schreiberg* for appellant.

*Harold I. Cammer* of counsel *(Cammer & Shapiro, P. C.,* attorneys for Furriers Joint Council of New York and another and *Charles Goldberg,* attorney for Associated Fur Manufacturers, Inc., and others, for respondents.

## OPINION OF THE COURT

LUPIANO, J.

The complaint herein alleges one cause of action against all the defendants for conspiracy to defame plaintiff by publication of a false statement, i.e., by libel, in retaliation for plaintiff's campaign to persuade people not to buy fur coats

and, in particular, seal coats. The basis for the libel is an oral statement allegedly given by the individual defendants in an interview conducted by a reporter for defendant Quality Publications' newspaper, *The Herald* (no longer in circulation). Quoted in the account of the interview published in *The Herald,* the statement is: " 'Friends of Animals [plaintiff] has hired trappers to skin baby seals alive to be filmed and shown on television under the presumption that the act was spot news' ".

Defendants moved to dismiss the complaint for failure to state a cause of action and for summary judgment based on an affidavit by Irvin Hecht, an individual defendant and officer of the corporate defendant Associated Fur Manfacturers, Inc. Hecht asserts that the alleged defamatory statement was not uttered or published by any of the defendants; that plaintiff has no proof that defendants orally made the alleged defamatory statement; that the statement is not defamatory per se; that the statement is true or, in the alternative, is protected by qualified privilege. No assertions are made by defendants on their motion respecting the plaintiff's allegation as to the alleged conspiracy between the defendants. Plaintiff opposed the motion which was granted on the ground that (1) the statement is not libelous per se and, therefore, special damages must be pleaded, and (2) plaintiff has failed to demonstrate that the offending statement was made by any of the defendants.

■ It is well established that a defamatory utterance which tends to disparage a person in the way of his office, profession or trade, is defamatory per se and actionable without allegation or proof of special damage *(Nichols v Item Publishers,* 309 NY 596, 600-601). To accuse plaintiff, an organization dedicated to the humane treatment of animals, of "staging" the skinning of baby seals alive is libelous per se because it tends to disparage plaintiff in the manner in which it conducts its business. Accordingly, it is not necessary for plaintiff to plead special damages, and the complaint states a cause of action.

■ As to defendants' request for summary judgment, it is well recognized that "issue-finding, rather that issue-determination, is the key to the procedure" *(Sillman v Twentieth Century Fox Film Corp.,* 3 NY2d 395, 404, citing *Esteve v Avad,* 271 App Div 725, 727). "(S)ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue" *(Moskowitz v*

*Garlock,* 23 AD2d 943, 944) or where the issue is arguable *(Barrett v Jacobs,* 255 NY 520, 522). We must always retain the perspective that the granting of the motion "is the procedural equivalent of a trial" *(Crowley's Milk Co. v Klein,* 24 AD2d 920).

■■ Patently, plaintiff is embraced within the definition of a "public figure". Nevertheless, the complaint charges defendants with actual knowledge of the falsity of the complained of statement, i.e., with actual malice. Further, as to whether defendants acted with disregard for the truth of the complained of statement, it is noted that the report of the Canadian government which defendants point to as the genesis of the defamatory statement nowhere asserts that plaintiff herein staged the live skinning of baby seals. Accordingly, it must be concluded on this record that sufficient has been demonstrated whether by way of disclosed proof or the failure to reveal proof, to raise an issue as to whether defendants acted with knowledge of the statement's falsity or with disregard for its truth. Thus the complaint may not be dismissed on the ground of "qualified privilege."

■ Trial Term in improperly dismissing the complaint for failure to state a cause of action, observed respecting the merits that "the plaintiff has failed to prove that the offending statement was made by any of the defendants", which observation, if true, would justify the granting of summary judgment to defendants. However, scrutiny of the record impels the conclusion that plaintiff has sufficiently demonstrated a viable issue of fact on this point. The article containing the alleged defamatory statement was written by one Phoebe Ailenroc, who cannot apparently be located. In the article it is reported that "(t)o evaluate [the furriers'] position one should know something of the nature of their industry, best accomplished by a visit to the * * * fur market * * * Three wise men of the industry worth consulting are George Stofsky, manager of the Furriers' Joint Council, Robert Ginsberg, president of the Fur Conservation Institute of America, and Irvine Hecht, executive vice president of the Association of Fur Manufacturers. Jointly the three represent about a century of experience in the fur trade. They are sitting together in Mr. Ginsberg's office * * * Listening to the three of them, totally in agreement, one gets the feeling one is talking instead to one man. 'His' testimonial goes like this: (there now follow numerous statements in quotation marks attributed to

the three who were interviewed on these specific topics—
'spotted cats,' 'the Fur Industry Gospel,' 'the sins of the fake
fur fabric manufacturers,' 'the questionable motives of some of
the ecology organizations' directed solely to plaintiff and con-
taining the statement complained of; the 'overpopulation
among many fur-bearing animals')."

On examinations before trial of defendants Stofsky and
Hecht, it was admitted that the interview described in the
article occurred with all the individual defendants present. At
these examinations, all the statements attributed to the indi-
vidual defendants by the reporter were not denied, with one
exception—the alleged defamatory statement. Some of the
statements were specifically recalled and admittedly made by
one or the other of the three individual defendants. Others
were recalled, but could not be ascribed to a particular defend-
ant. Still others were not recalled, but were not denied, it
being admitted that they could well have been uttered. How-
ever, on *one* point there was complete recollection by the
individual defendants at the examinations before trial—the
defamatory statement was not made. Under these circum-
stances a factual issue is clearly raised as to whether the
defendants interviewed orally made the alleged defamatory
statement. As defendants have admitted that the interview
did occur and have not specifically denied the making of the
statements attributed to them in that interview with one
notable exception, the nature of that exception in the context
of the pleadings and the failure of defendants to address the
conspiracy issue (see *Youmans v Smith,* 153 NY 214) on their
motion for summary judgment, mandates that plaintiff be
afforded its "day in court." Common sense dictates that on
this record the credibility of the parties is best resolved by the
finder of fact at a plenary trial and not on affidavits on a
motion for summary judgment.

■ Defendants seek solace in the fact that the oral state-
ments uttered are the basis of a cause of action for slander,
not libel, and that plaintiff's sole cause of action sounds in
libel. It is noted that not only from the pleadings, but from
defendants' papers on their motion for summary judgment, an
awareness of the slander aspect of this litigation was present.
Even assuming defendants were entitled to summary judg-
ment on the libel claim, the special circumstances delineated
in this record would mandate that leave be afforded plaintiff
to amend the complaint (see *Babtkis Assoc. v Tarazi Realty*

*Corp.,* 34 AD2d 754, 755; cf *Curry v Mackenzie,* 239 NY 267, 272) wherein CARDOZO, J. observed on a motion for summary judgment by plaintiff: "The defendant's affidavit discloses a defense also of part payment, in that he paid for the later services after he was no longer general manager. His answer in that regard is, it is true, defective, for payment should have been stated as a defense, partial, if not complete, and is not to be proved under a denial. *The facts,* however, *have now been shown, and the answer, though imperfect, may be amended at the trial or sooner"* (emphasis supplied).

Accordingly, the judgment of the Supreme Court, New York County (ROSENBERG, J.), entered January 8, 1976, granting defendants summary judgment dismissing the complaint, should be reversed, on the law, without costs and disbursements, and the motion should be denied.

LYNCH, J. (dissenting). Although concurring with my colleagues' finding that the statement complained of is libelous per se, I dissent and would affirm. To prove its cause of action the plaintiff must prove that one of the individual defendants made the offensive statement at their joint interview. To support their motion for summary judgment, the defendants, while conceding that they made all of the other statements attributed to them at the interview, have denied under oath that any of them made the offensive statement. To meet this proof the plaintiff is able to express only the possibility that, because the defendants admitted all the other statements, a jury might find their denial of the offensive statement incredible. This is insufficient to create an issue of fact to defeat summary judgment *(Downey v General Foods Corp.,* 31 NY2d 56, 62; *Bachrach v Farbenfabriken Bayer AG,* 36 NY2d 696).

MURPHY, P. J., and SILVERMAN, J., concur with LUPIANO, J.; LYNCH, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on January 8, 1976, reversed on the law, without costs and without disbursements, vacated, and the motion denied.