OPINION OF THE COURT
Ernest L. Signorelli, S.
The court has previously admitted decedent’s will to probate and directed the Suffolk County Public Administrator to continue as temporary administrator of this estate pending a determination of objections to the eligibility of decedent’s daughter and son-in-law to serve as estate fiduciaries. The objectants allege that such persons are ineligible to serve as fiduciaries due to their alleged dishonesty, improvidence, want *867 of understanding, fraud and undue influence. A demand for a jury trial has been made by the objectants and the instant motion is to strike the demand on the grounds that there is no right to a jury trial in this proceeding.
The right to trial by jury in the Surrogate’s Court is governed by SCPA 502 (subd 1), which provides: "A party is entitled to trial by jury in any proceeding in which any controverted question of fact arises as to which any party has a constitutional right of trial by jury and in any proceeding for the probate of a will in which such question of fact arises”.
In the instant case there is no doubt that a question of fact exists regarding the competency of decedent’s daughter and son-in-law to serve as fiduciaries. However, since the will has been admitted to probate this is no longer a proceeding for the probate of a will in which there would be a right to trial by jury pursuant to SCPA 502.
The remaining question therefore is whether a constitutional right to trial by jury exists in this case. In New York the right to trial by jury is found in section 2 of article I of the New York State Constitution which provides as follows: "Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”. The result of this constitutional provision, enacted in 1938, is that the constitutional guarantee of a jury trial continues only to the degree that such jury trials were authorized prior to the 1938 Constitution. (Matter of Ruggiero, 82 Misc 2d 211, affd 51 AD2d 969.) Such authorization has accrued by custom as a part of the common law, as distinguished from statute (Matter of Gurland, 286 App Div 704), and it is the nature and substance of the claim for relief and not the court or the nature of the proceeding in which it is advanced which determines the right to a jury trial. (Matter of Luria, 63 Misc 2d 675.) The court has researched the right to trial by jury as it has developed in the common law and concludes that this proceeding is not one in which the right to trial by jury has been authorized. From the cases which raised similar issues to those presented herein, jury demands have consistently been denied. Matter of Thompson (72 NYS2d 429) involved among others the issue of whether decedent’s mother was incompetent to serve as administratrix by reason of her physical condition. The court stated that these issues are ordinarily tried by the Surrogate without a jury. Matter of Rosenberg (130 NYS2d 316) involved a contested guardianship *868 proceeding in which the court was to decide the qualifications of those persons seeking letters of guardianship. The court held that there was no right to trial by jury in that proceeding. Similarly, in cases involving the status of party as a a distributee, i.e., whether such a party is the surviving spouse of decedent, there is no right to trial by jury. (See, e.g., Matter of Ruggiero, supra.)
In accordance with the foregoing, the court finds that there is no constitutional right to trial by jury and the motion to strike the demand for a jury trial is granted. Similarly, as a matter of discretion, the court declines to hear this case with an advisory jury.