OPINION OF THE COURT
Evans V. Brewster, S.
In this contested accounting proceeding, petitioners have moved for summary judgment, dismissing the objections filed on the grounds that they are insufficient in law and that there are no issues of fact to be determined. By cross motion, the decedent’s objecting children seek (1) denial of petitioners’ motion, (2) summary judgment with respect to some of the objections, (3) leave to file a jury demand nunc pro tune, (4) leave to bring in the Attorney-General of the State of New York as a party and (5) costs and disbursements. In support of objectants’ requests, their attorney has submitted an affirmation, the first 55 pages *750 of which disputes petitioners’ right to summary judgment and separately argues each of the objections, specifically indicating issues to be resolved or objectants’ claim to summary judgment. The reply of petitioners sets forth further arguments in 17 pages in support of their motion for summary judgment to which a sur-reply of 43 pages was submitted by the attorney which reargues the contentions of the objectants.
The totality of all arguments from the parties clearly indicates that issues do in fact exist which must be determined by the court. “[I]t is well recognized that ‘issue-finding, rather than issue-determination, is the key to the procedure’ (Sillman v Twentieth Century Fox Film Corp., 3 NY2d 395, 404, citing Esteve v Avad, 271 App Div 725, 727). ‘ (S)ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue’ (Moskowitz v Garlock, 23 AD2d 943, 944) or where the issue is arguable (Barrett v Jacobs, 255 NY 520, 522). We must always retain the perspective that the granting of the motion ‘is the procedural equivalent of a trial’ (Crowley’s Milk Co. v Klein, 24 AD2d 920).” (Friends of Animals v Associated Fur Mfrs., 61 AD2d 141, 143-144.)
While summary judgment must be denied to each of the parties with respect to most of the objections, objections 17 and 18 present only issues of law and no material or triable issue of fact is presented. Petitioners’ motion as to these objections will be considered as a motion to dismiss.
Objection 17 challenges the payments made pursuant to court order on account of commissions as well as commissions now claimed on the ground that they are excessive, unreasonable and unnecessary and bear no relationship to the amount of time and effort expended. Objection 18 similarly makes the same objection of payment on the ground that the statute authorizing payment of commissions to fiduciaries other than trustees (SCPA 2307) is unconstitutional since it deprives the objectors of their property without due process of law as well as violating the equal protection guaranteed by the New York and United States Constitutions. Since the commissions already paid in ad *751 vanee pursuant to court order as well as the commissions computed in Schedule H of the account are in accordance with the rates mandated by SCPA 2307, it must follow that the validity of the objections depends entirely on the constitutionality of the statute.
There is no inherent right to compensation by executors (Matter of Corning, 160 Misc 434; Matter of Gildersleeve, 75 Misc 2d 207). “At common law, executors, administrators and trustees were entitled to no compensation for serving as such, the honor of the appointment alone being sufficient recompense.” (Matter of Corning, 160 Misc 434, 435, supra.) “The right to commissions is wholly statutory. No right to commissions accrues and they are not payable until judicially allowed by the Surrogate in the decree settling the account of the fiduciary.” (Matter of Gildersleeve, 75 Misc 2d 207, 209, supra.) The present statute sanctioning payment of commissions to fiduciaries other than trustees was enacted by chapter 953 of the Laws of New York of 1966 and thereafter amended by section 1 of chapter 1050 of the Laws of 1969 and section 1 of chapter 303 of the Laws of 1976. Commissions are payable at fixed rates for receiving and paying out money. It has long been recognized that “the obvious intent [of the Legislature] to make the sums, called commissions, compensation, [was] not for the service of receiving and paying, but compensation for the whole services measured by a fixed standard. Sometimes it would, doubtless, be quite inadequate to compensate for the labor, care, and pains bestowed. Sometimes the compensation would be liberal. But the point of importance was to make the amount in each case definite, so that there would be no possible temptation of pecuniary interest to influence the conduct, or mislead the discretion of the executor or other trustee in similar relations.” (Collier v Munn, 41 NY 143, 147.) Furthermore, it is in the public welfare that responsible citizens and professionally experienced business persons should be induced to act as fiduciaries and assume the responsibilities inherent in the management and administration of estates. Fixed compensation for fiduciaries is a strong incentive to diligence and zeal in the performance of their duties and gives advance information to the testator *752 that a uniform charge will be made for the special services performed with respect to testamentary assets.
“It is fundamental that legislative enactments are presumed to be constitutional and, likewise, to be supported by facts known to the Legislature (Wiggins v. Town of Somers, 4 N Y 2d 215, 218; Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 415). It is only as a last resort that courts strike down legislation on the ground of unconstitutionality (Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. 344 U. S. 367). * * *
“The mere fact that the enactment-of a statute results in reduced income, inflicts other pecuniary injury or even makes it impossible for some people to continue in business, does not establish, as plaintiffs contend, a denial of constitutional due process or equal protection under the law (infra). In determining whether statutory requirements are arbitrary, unreasonable or discriminatory, it must be borne in mind that the choice of these measures is for the Legislature, not the courts. It is presumed that the law enactment agency has investigated the subject and has acted with reason rather than from mere whim or caprice (Farrington v. Pinckney, 1 N Y 2d 74). Thus, it is a maxim of constitutional law that a Legislature is presumed to have acted within constitutional limits, upon full knowledge of the facts and with the purpose of promoting the interests of the people as a whole.” (Turner Nurses Agency v State of New York, 17 Misc 2d 273, 274.) The uniform rate of compensation provided for executors in their management and administration of estates enures for the benefit of those benefiting therefrom and is in the public interest. The constitutional mandate of equal protection requires that a statute treat those similarly situated equally (Noyes v Wohl, 266 App Div 52; People v Reilly, 85 Misc 2d 702).
Accordingly, the court determines that SCPA 2307 is constitutional. Respondent’s objections 17 and 18 are dismissed and the motions for summary judgment of both movant and respondent are denied. In view of the determination made herein with respect to the constitutionality of SCPA 2307, the Attorney-General of the State of New *753 York need not be made a party. In the event, however, that an appeal is taken which raises the constitutional question, notice of the appeal shall also be given to the Attorney-General of the State of New York.
Respondent’s cross motion also seeks leave to file a demand for jury nunc pro tune. Objections were filed herein on December 10, 1979. It is alleged that although a demand . for a jury trial was mailed to this court on December 28, 1979 it was returned without explanation. Amended objections dated January 15, 1980 were thereafter filed on January 22,1980 and this motion for leave to file a demand for jury was served on February 6, 1980. SCPA 502 requires that a respondent demanding a trial by jury must do so in the answer or objections and that failure to make such a demand constitutes a waiver of the right to a trial by jury. It is the position of the respondent-movant that the failure to demand a jury was an oversight, was seasonably made and none of the parties have been prejudiced by the delay. Without considering whether or not the circumstances herein justify a right to the relief claimed (see Matter of Polkes, NYLJ, July 9, 1980, p 10, col 3; R. J. Marshall, Inc., v Turner Constr. Co., 207 Misc 490, affd 285 App Div 1164; Matter of Mirsky, 81 Misc 2d 9), the basic question is whether or not respondent has any right to a trial by jury in the first instance.
The right to a trial by jury as set forth in SCPA 502 is given to any party in any proceeding in which there is a question of fact as to which the said party has a constitutional right of trial by jury. Section 2 of article I of the New York State Constitution provides: “Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”. The present Constitution was enacted in 1938 and thus guarantees that such trials by jury as were authorized prior to that date are a matter of right today. “Such authorization has accrued by custom as a part of the common law, as distinguished from statute (Matter of Gurland, 286 App Div 704), and it is the nature and substance of the claim for relief and not the court or the nature of the proceeding in which it is advanced which determines the *754 right to a jury trial. (Matter of Luria, 63 Misc 2d 675.)” (Matter of Mastro, 100 Misc 2d 866, 867.)
“In each instance it must be determined whether the nature and substance of the relief requested is in law or in equity (O’Brien v. Fitzgerald, 143 N. Y. 377). If in law and included among those cases where jury trial is historically mandated by the Constitution or by statute, a jury trial must be had on demand. If the relief demanded is traditionally cognizable in equity there is no right to trial by jury for none was available at common law (Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 214) .
“With regard to the latter, one essential observation should be made. In Garfield [Matter of Garfield, 14 NY2d 251] the claim was made by a stranger to the estate against the fiduciary. As that court noted (p. 258): ‘No equitable principles govern the jurai relationship between these claimants and the executrix’. When however an issue involves the fiduciary relationship or obligation between a fiduciary and beneficiary of an estate equitable principles do usually govern. Most if not all objections to the account would fall into this category. Thus it is not because (as stated in the cases cited) an accounting, proceeding is per se one of an ‘equitable nature’ but because a fiduciary obligation is involved in the dispute between the parties, that the proceeding is cognizable in equity. (See, e.g., Fur & Wood Trading Ltd. v. George E. Fox Inc., 245 N. Y. 215, 217-218; Matter of Coyle, 61 Misc 2d 548, affd. 34 A D 2d 612; cf. Geddes v. Rosen, 22 A D 2d 394, 398 [see however dissent], affd. 16 N Y 2d 816.)” (Matter of Luria, 63 Misc 2d 675, 682.)
The objections by respondent herein are directed at the administration, management and business judgment of the executors in this estate and are essentially equitable in nature. The objections by the respondents are claims not at law but for equitable relief against the executors who are accounting as the fiduciaries of the estate. This relief is cognizable only in equity for which historically and traditionally no jury trial is available under any statute or Constitution (Matter of Luria, supra; Matter of Lacon, 58 Misc 2d 869).
*755 Accordingly, respondent’s motion for leave to file the demand for jury nunc pro tune is denied.