■ SHEARSON HAYDEN STONE, INC., Respondent, v ANDREW TEITELBAUM, Appellant. — Order, Supreme Court, New York County, entered July 6, 1979, which granted plaintiff's motion for partial summary judgment on its first cause of action in the sum of $49,315 plus interest, reversed, on the law, and the motion denied; judgment of said court, entered July 30, 1979 pursuant to the order granting partial summary judgment, vacated, without costs and disbursements. The record discloses that defendant was both a customer and an employee of plaintiff brokerage house. In this somewhat unique position he engaged in trading in soybean futures on the Chicago Board of Trade for his own account *and* for plaintiff, his employer. The customer agreement between defendant and plaintiff permitted the latter to issue a margin call on defendant when he traded at a loss. On February 3, 1977, it is admitted that defendant traded for his own account in March soybean futures and was sustaining a loss. Concomitantly, defendant endeavored to cover the loss by speculating in May soybean futures. Plaintiff "pulled the plug" on defendant by issuing a margin call and closing out defendant's account. Plaintiff now seeks partial summary judgment on its first cause of action for losses (of approximately $49,000) allegedly sustained with respect to the March soybean transactions. In his answer, defendant interposed counterclaims seeking approximately $5,000,000

in damages. This aspect of the answer alleges conspiracy on plaintiff's part to direct profits arising from defendant's trading in May soybean futures into plaintiff's "own pockets" and the pockets of the purchasers of defendant's contracts in May soybeans. In opposition to plaintiff's motion for partial summary judgment, defendant admits trading for his own account in the March and May soybean futures on February 3, 1977, but states that the loss he experienced with respect to the March soybean transactions was occasioned by misinformation given him by plaintiff on February 2, 1977, as to his then present equity position. Defendant also alleges that plaintiff deliberately interfered with his trading on February 3, 1977, thereby occasioning the loss. (In other words, defendant avers that any loss sustained by plaintiff and sustained by defendant regarding these soybean transactions arise from and are attributable to plaintiff's own conduct.) Finally, defendant states that plaintiff for over one month prior to issuing the margin call, permitted defendant to trade aggressively in the commodities market without issuing any margin call, and that he relied on plaintiff's acquiescence in such trading pattern in continuing to engage in aggressive trading. Plaintiff did *not* respond to these assertions by defendant. Factual issues are raised which, at the very least, are fairly arguable as to, *inter alia,* whether plaintiff's prior conduct was such as to estop it under the circumstances herein from exercising its right under the customer's agreement to issue the margin call to defendant without notifying defendant within a reasonable time prior thereto of plaintiff's decision to require defendant in the future to desist from "aggressive trading", and whether plaintiff's own actions occasioned the loss sustained by plaintiff with respect to the March soybean transactions and occasioned the loss which afforded plaintiff the basis under the customer's agreement to issue the margin call to defendant. As "Issue-finding, rather than issue determination, is the key to the procedure" on a motion for summary judgment, it is concluded that this drastic remedy may not be granted on the present record *(Esteve v Abad,* 271 App Div 725, 727; see *Crowley's Milk Co. v Klein,* 24 AD2d 920; *Moskowitz v Garlock,* 23 AD2d 943). Concur — Birns, J. P., Fein, Markewich, Lupiano and Bloom, JJ.