OPINION OF THE COURT
Arnold F. Ciaccio, J.
The objectant by way of notice of motion has made an application to this court seeking four distinct items of relief. It is asked: (a) that the personal representative, a Florida administrator of her estate, be substituted for the original objectant Cynthia Janes, now deceased; (b) that the matter of these objections be set down for a jury trial; (c) that the estate now be permitted to file second objections to the account; and (d) that the estate be granted leave to amend its bill of particu *180 lars to outline its damages with greater particularity. With respect to items (a) and (c) the respondent fiduciary bank has consented to the grant of that relief. The court has previously made its determination with respect to the application for relief at (d).
The balance of this decision deals with the application fpr a jury trial in these proceedings.
SCPA 502 (1) establishes the right to a jury trial and (2) the procedures necessary to exercise that right. The court,must first determine whether there exists a right to a jury trial and then whether proper procedures have been followed to obtain that right.
Historically jury trials were not held in Surrogate’s Court. Cases requiring such a trial were transferred to the County or Supreme Court. (Matter of Luria, 63 Misc 2d 675, 678.) Historical revisions since 1914, however, now authorize jury trials in Surrogate’s Court. Generally jury trials are limited to those cases which present common-law issues of fact and in which a trial by jury had previously been authorized. (For a complete discussion of the history and statutory progression of the right to a jury trial in Surrogate’s Court, see, Matter of Luria, supra, at 676-679.) Matter of Garfield (14 NY2d 251) has determined that it is the. issue and not the court which determines whether or not a jury trial is available. It is the nature and the substance of the claim for relief which will determine whether or not such a trial is available. (Matter of Luria, supra, at 682.) Briefly put, if the relief demanded is equitable there is no right to a trial by jury, if the relief requested is in law then a jury trial is available. (See, Matter of Nelson, 105 Misc 2d 747; Matter of Mastro, 100 Misc 2d 866.) Thus it is that cases rejecting jury trials include cases relating to kinship, domicile, right of election, right to property (see, Matter of Lacon, 58 Misc 2d 869), issuance of letters to named executor (see, Matter of Krom, 86 AD2d 689), fiduciary’s eligibility to serve (Matter of Mastro, supra) or the fiduciary’s mismanagement of the property (Matter of Nelson, supra).
The nature of the contest presented in this proceeding is one of management although counsel alleges a form of negligence in the generic sense. Nevertheless, it is the bank fiduciary’s management function with respect to trusts under the will of this decedent which is at issue. It is this court’s view that the request for surcharge in the context of this accounting proceeding is not of the type that enjoys a constitutional right to a jury trial.
*181 Beyond this the court is constrained to comment that nevertheless the objectant has not appropriately exercised her right to a jury trial. In Surrogate’s Court a party cannot rely on the fact that another party has requested a jury trial; that application must be made independently. That has not been done and the respondent’s withdrawal eliminates the objectant’s entitlement to a jury trial (SCPA 502 [5] [b]; see, Siegel, Practice Commentary, McKinney’s Cons Law of NY, Book 58A, SCPA 502 [5], at 422). The court is aware of its discretionary power to direct a jury in any event (SCPA 502 [6]; CPLR 4212). It will retain unto itself the discretion to appoint an advisory jury and will consider arguments directed thereto at a conference held immediately prior to the trial date.